KATZIN *v.* FIDELITY & GUARANTY FIRE CORPORATION
OF BALTIMORE, MARYLAND.

1. INSURANCE—FIRE POLICY—OWNERSHIP OF PROPERTY.
     In action at law to recover under a policy of fire insurance, the
     right of a plaintiff to recover is dependent upon his uncon-
     ditional and sole ownership of the insured property, not upon
     ownership of the policy of insurance.

2. SAME—ACTION—POLICY.
     In action at law under a fire insurance policy, if plaintiff is to
     recover he must do so under and in accordance with the
     terms of the insurance contract between himself and the
     insurer.

3. SAME—UNCONDITIONAL OWNERSHIP—EQUITY OF REDEMPTION.
     While an equity of redemption from mortgage foreclosure sale
     of property insured under a fire insurance policy is an in-
     surable interest, it is not an unconditional ownership, but is
     a right conditioned on timely payment of the price paid at
     the foreclosure sale.

4. SAME — RENEWAL — UNCONDITIONAL OWNERSHIP — FORECLOSURE
     —EQUITY OF REDEMPTION.
     Under renewal policy of fire insurance issued to plaintiff 28
     days after property had been sold by mortgagee at foreclo-
     sure sale, which provided that policy would be void if interest
     of insured was other than unconditional when loss or damage
     occurs or if the subject of insurance be a building on ground
     not owned by insured in fee simple when loss occurs or if, with
     the knowledge of insured, foreclosure proceedings be com-
     menced, plaintiff who had failed to redeem from the sale was
     not entitled to recover since there was a breach of the first
     two conditions and third indicated that policy was not issued
     with the intent that it should insure a right of redemption.

5. SAME—ESTOPPEL—EVIDENCE.
     In action under renewal fire insurance policy issued to one who
     held merely an equity of redemption at time policy was issued,
     brought after expiration of period within which redemption

could have been effected, record *held,* not to contain admissions
of liability by insurer estopping it from claiming plaintiff
did not have unconditional ownership at the time of the loss.

Appeal from Wayne; Gordon (Arthur E.), J.,
presiding. Submitted October 17, 1940. (Docket
No. 94, Calendar No. 40,580.) Decided January 6,
1941.

Assumpsit by Abraham Katzin against Fidelity
& Guaranty Fire Corporation of Baltimore, Maryland, a Maryland corporation, on a fire insurance
policy. Judgment for plaintiff. Defendant appeals.
Reversed.

*Myron Schiffman,* for plaintiff.

*Robert S. Marx, Carl Runge,* and *Thomas L. Conlan,* for defendant.

NORTH, J. The primary question presented on
this appeal is stated in appellant's brief as follows:

"Where fire insurer is induced to believe that a
mortgage is outstanding on the premises and in ignorance of the fact of a foreclosure sale having been
completed, issues its policy payable to the insured
as fee owner and to the mortgagee as its interest
appears, which policy is delivered to the mortgagee
bank and retained by it with the knowledge and consent of the insured, in an action against the insurer,
may the insured recover on the policy on the theory
that he insured his equity of redemption only?"

The trial court, sitting without a jury, entered
judgment for plaintiff. The defendant insurance
company has appealed.

The policy in suit was a renewal of a former
policy issued prior to the foreclosure proceedings.

This renewal policy, on which plaintiff paid the premium, was issued by defendant's agent. Evidently the agent in issuing this renewal relied upon information derived from the former policy. So far as the record discloses, he did not know that the mortgage on the insured property had been foreclosed. As a matter of fact, the mortgage sale and the execution of the sheriff's deed antedated the renewal policy by substantially 28 days. There was no active fraud or misrepresentation by the insured; but it is a fair inference from the record he knew that the former policy contained a standard mortgage rider and that the renewal policy was delivered to the mortgagee.

The fire that damaged the insured property occurred on or about January 29, 1936. This was approximately eight and one-half months after the sheriff's sale to the holder of the mortgage. The bank which had held the mortgage, acting through its receiver, repaired the property. This was done without any consultation with plaintiff; but he must have had full knowledge of the repairs because for the full period of redemption he continued to collect the rents from the tenants who occupied the insured building, a two-apartment dwelling. The defendant insurance company, evidently assuming it was liable for the fire loss to the bank under the mortgage rider, which provided for payment of loss to the bank as its interest might appear, paid the bank $1,202.80. But this payment was made after the insurance company had been notified in writing that plaintiff claimed he was entitled to the amount theretofore agreed upon between the insurer and the bank in adjustment of the loss.

This suit was started September 9, 1936. The period of redemption had expired May 9, 1936. At

and after the date the policy was issued, plaintiff's interest in the property was limited to the right to possess it or dispose of it subject to the foreclosure or to exercise his right of redemption. Plaintiff did not redeem.

The theory upon which plaintiff asserts right to recover is contained in the notice which he caused to be served on defendant. In part it reads:

"It appears that the mortgage interest of the First National Bank of Detroit, was discharged by sheriff's sale, deed thereto having been executed on May 9, 1935, recorded May 11, 1935. This sale discharged the indebtedness of my client [plaintiff] to the bank, and terminated the bank's interest as it appeared at the time of the execution of policy of insurance covering the property.

"Since the loss occurred after the foreclosure, my client's interest in the policy of insurance is *sole and undivided.* * * * Any payment henceforth made to the bank without our consent will be made at your own risk."

While decision herein does not involve determination of whether defendant was legally bound to make payment to the bank of the amount of the fire loss, nonetheless we note the broad terms of the mortgage clause in the policy which plaintiff caused to be issued.

"Loss or damage, if any, under this policy, shall be payable to the First National Bank—Detroit, mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, *nor by any foreclosure or other proceedings or notice of sale re-*

*lating to the property, nor by any change in the
title or ownership of the property."*

Concisely stated, plaintiff's theory (adopted in
substance by the trial judge) is, (1) that foreclosure
sale and purchase by the bank terminated all of its
rights under the mortgage clause of the insurance
policy, and (2) after the foreclosure sale plaintiff's
"interest [as holder of the right of possession and
of redemption] *in the policy of insurance* [was]
sole and undivided." The pertinent allegation in
plaintiff's declaration is that at the time of the fire
loss "his ownership of the said policy of insurance
was sole and distinct."

Obviously in asserting right of recovery, plaintiff
fails to comprehend that such right depends upon
his "unconditional and sole ownership" (subject
to a mortgagee's interest) of the insured property;
not upon ownership of the "policy of insurance."
In this action at law, if plaintiff is to recover, he
must do so under and in accordance with the terms
of the insurance contract between himself and the
defendant company. That contract contains the
following:

"This entire policy shall be void, unless other-
wise provided by agreement in writing added
hereto: (a) if the interest of the insured be other
than unconditional and sole ownership when loss
or damage occurs; or (b) if the subject of insurance
be a building on ground not owned by the insured
in fee simple when the loss or damage occurs; or
(c) if, with the knowledge of the insured foreclosure
proceedings be commenced or notice given of sale
of any property insured hereunder by reason of any
mortgage or trust deed."

Clearly the insurance contract covered plaintiff's
interest in the insured property only if (subject to

the mortgage clause) it was "unconditional and sole ownership," and if plaintiff at the time of the loss was the owner in fee simple of the land on which the insured building stood. Otherwise as to him the policy was "void." It may be granted, as plaintiff's brief asserts, that an equity of redemption is an insurable interest; but it is by no means an "unconditional" ownership. Instead it is a right conditioned on timely payment of the price paid at the foreclosure sale. At the time of the fire loss there was a breach of both conditions "(a)" and "(b)" above quoted, and in consequence thereof plaintiff cannot recover. It is pointed out in plaintiff's brief that condition "(c)" above quoted was not breached because this renewal policy was issued after the foreclosure sale. Nonetheless condition "(c)" merits consideration because it quite conclusively discloses that this policy was not issued with the intent that it should insure a right of redemption, as plaintiff now asserts.

Notwithstanding plaintiff's contention to the contrary, we fail to find in this record any admissions of liability by defendant which estop it from defending on the ground that at the time of the loss plaintiff was not (subject to the mortgage clause) the "unconditional and sole" owner of the insured property.

The judgment entered in the circuit court is reversed, with costs of both courts to appellant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.