MUSSER *v.* RICKS.

1. GARNISHMENT—RECOVERY FROM GARNISHEE BY PLAINTIFF DEPENDENT ON THAT BY PRINCIPAL.

    A plaintiff's right to recover from a garnishee defendant is dependent on the principal defendant's right to so recover.

2. INSURANCE—GARNISHMENT—SURRENDER OF POLICY PRIOR TO ISSUANCE OF WRIT.

    Garnishee defendant, insurer under an automobile insurance policy, *held*, not liable to judgment creditor of insured where latter had never paid premium or tendered payment of it and surrendered policy after accident but before issuance of writ of garnishment, no bad faith or fraudulent intent being charged to insured nor fraud charged to insurer.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 17, 1935. (Docket No. 107, Calendar No. 38,207.) Decided April 8, 1935.

Garnishment by Leon D. Musser against Grant Ricks, principal defendant, and Preferred Automo-

bile Insurance Company, garnishee defendant, for sum due under a judgment. Judgment for plaintiff. Garnishee defendant appeals. Reversed.

*Graydon G. Withey,* for plaintiff.

*Rodgers & Dunn,* for garnishee defendant.

NORTH, J. Incident to damage sustained in an automobile accident Leon D. Musser secured judgment for $1,500 against Grant Ricks, principal defendant herein. Thereafter plaintiff garnisheed the Preferred Automobile Insurance Company, claiming it was indebted to the principal defendant under the terms of an automobile insurance policy issued to him by it. On trial of the garnishment issue before the court plaintiff had judgment. The garnishee defendant, claiming it was not indebted to the principal defendant, has appealed.

Mr. Ricks made application for the automobile insurance February 14, 1934. The policy was dated as of that date and was delivered to and accepted by the insured February 28, 1934. The premium was payable in instalments, a down payment of $8.77 and five monthly payments of $6.71. The first instalment was to have been paid when the policy was delivered. Such payment was not made but instead at the time the policy was delivered it was arranged that the first instalment of $8.77 would be paid the following Saturday or Sunday. The agent called on the insured at the time arranged but did not find him at home and the instalment was not paid. The insured had an accident with his automobile about 2:30 a. m. the following Monday morning, March 5th. Through the mail on Monday the insured received from the insurer a statement informing him unless $15.48 was paid on the premium

by March 10th, the policy would be cancelled. On Thursday, March 8th, the insured, having the policy with him, called at the local office of the garnishee defendant and talked with its agent. The insured did not have the money with which to pay $15.48 on the premium. While at the office the insured informed the agent of the accident. The agent testified that before he was advised of this accident the insured had surrendered his policy and the same had been cancelled because of the nonpayment of premium; but there is testimony tending to prove that the agent knew of the accident before or at least at the time of cancellation. Again about a week after March 8th, Mr. Ricks called at the office of the insurance agent to make a report of the accident. The agent, claiming the policy was cancelled, declined to take such report.

Plaintiff's right to recover against the garnishee defendant is dependent on the principal defendant's right to so recover. In this garnishment proceeding plaintiff cannot prevail unless at the time the writ of garnishment was served defendant Ricks could have successfully prosecuted a suit on his insurance policy. This he could not have done because when he visited the agent's office on March 8, 1934, he surrendered his policy with the understanding that it was so surrendered for cancellation because of nonpayment of premium. The insured testified:

"Q. So it is a fact, is it not, Mr. Ricks, that from and after that conversation you had with Mr. Mooney in McKinnon & Mooney's office, on March 8th, you understood your policy was cancelled?

"A. Yes; I had that understanding.

"Q. That is the reason you didn't pay any premium?

"A. Yes."

Ricks, the insured, has not complained of or sought to revoke or nullify such surrender and cancellation. Whether he did so in consequence of some misunderstanding of his legal rights is not now material. He has never paid or tendered payment of any portion of the premium. Surely under the circumstances he could not rightly claim that his policy was still in force on July 9, 1934, when the writ of garnishment was served. No claim is made that Ricks acted in bad faith or with any fraudulent intent in surrendering his insurance. He simply put himself in the position of an uninsured auto owner. Nor is any fraud here charged against the insurer; and hence this case is not within our decision in *Iden* v. *Huber,* 259 Mich. 3. Instead it falls within the reasons stated and the decision reached in *Voss* v. *Stranahan,* 248 Mich. 390.

Judgment reversed without a new trial. Costs of both courts to appellant.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.