ATTORNEY GENERAL, ex rel. COMMISSIONER OF INSURANCE, v. LAPEER FARMERS MUTUAL FIRE INS. ASSN.

WEST'S APPEAL RE ASSESSMENT.

1. APPEAL AND ERROR—STATEMENT OF QUESTIONS INVOLVED—BRIEFS.
    The mere statement of a question by counsel in a statement of questions involved, without further argument except to reassert the contention in the body of the brief, will be wholly disregarded by the Supreme Court since attempt to brief questions in such a manner is contrary to both spirit and letter of court rule relative to briefs and review is confined to questions having any merit which are properly briefed and which are not involved in other cases pending arising out of same receivership of a farmers mutual fire insurance association (Court Rule No. 67, § 1 [1933]).

2. INSURANCE—MUTUAL COMPANY—RECEIVERS—ASSESSMENTS.
    An assessment by receiver in equity of an insolvent farmers mutual fire insurance association may not be opposed by the members on the ground that the officers were incompetent or neglectful in keeping proper records since the members had equal voting rights.

3. SAME—RECEIVERS—BASIS FOR ASSESSMENT.

An assessment by a receiver in equity was properly levied where based upon an audit of the books and records of an insolvent farmers mutual fire insurance association by two firms of certified public accountants and upon a careful investigation by the deputy receiver notwithstanding officers of the association had not kept proper records and their omissions could not be supplied by the receiver.

4. SAME—MUTUAL FIRE COMPANY—INVALIDATION OF POLICY.

Provision in subdivision 2 of chapter 2 of part 4 of the insurance code stating that provisions of that subdivision should not apply to policies issued by mutual fire insurance companies organized or doing business under provisions of chapter 4 of that part did not restrict application of a provision in subdivision 1 of chapter 2 of part 4 from operating to invalidate an insurance policy when made by a company not duly authorized to do so at the time a new contract was made (3 Comp. Laws 1929, §§ 12568, 12574).

5. SAME—EXPIRATION OF AUTHORITY TO DO BUSINESS—LIABILITY OF MEMBERS FOR ASSESSMENTS.

Members of a farmers mutual fire insurance association who continued as members after expiration of certificate of authority to do business were liable for assessments covering period from such expiration until institution of receivership proceedings (3 Comp. Laws 1929, §§ 12568, 12574, 12601).

6. SAME—STOCK COMPANIES—RENEWAL OF POLICY.

The renewal of a contract of insurance with a stock company operates as a new and distinct contract as renewal implies a fixed contract and the expiration of the original coverage.

7. SAME—MEMBERSHIP IN A MUTUAL COMPANY—CONTINUANCE.

In a mutual insurance company, there is no fixed term of membership and no new contract entered into or new policy issued as a matter of course from time to time since, by the payment of membership fees, assessments and other charges, a member remains in good standing and such payments do not effect a new contract each year.

8. CORPORATIONS—FORFEITURE.

A cause of forfeiture of corporate rights cannot be taken advantage of collaterally but only in a direct proceeding against the corporation for that purpose.

9. INSURANCE—FARMERS MUTUAL FIRE ASSOCIATION—EXPIRATION OF CERTIFICATE OF AUTHORITY.

The acts of a farmers mutual fire insurance association per-

formed after the expiration of its certificate of authority to do business are binding upon its former members who continued to remain members until the appointment of a receiver for the association (3 Comp. Laws 1929, §§ 12568, 12574, 12601).

10. SAME—REVIEW OF ASSESSMENT—SUIT AGAINST OFFICERS.

On review of assessment levied against members of an insolvent farmers mutual fire insurance association, the court cannot go into merits of claims there may be against officers and directors claimed to have been incompetent and neglectful of their duties on theory assessment should not be levied until outcome of suit upon such claims and judgments had been collected thereon.

11. RECEIVERS—LITIGATION BETWEEN ADVERSE PARTIES.

Ordinarily it is not the duty of the receiver to litigate as between adverse parties.

12. INSURANCE—RECEIVERS—INTERVENTION IN OTHER SUITS.

Intervention by receiver in case arising from claim of a former secretary and treasurer of an insolvent farmers mutual fire insurance association for compensation and reimbursement will not be required where attorney general, plaintiff herein, is also plaintiff therein under a duty to protect the rights of all parties.

13. SAME—RECEIVER'S ASSESSMENT—EXCESS LIABILITY—EVIDENCE.

Receiver's assessment against members of an insolvent farmers mutual fire insurance association will not be set aside because association assumed liabilities on single hazards amounting to more than legal limit without reinsuring the excess in another company where record fails to present adequate proof of such violations.

14. SAME—MUTUAL FIRE ASSOCIATION—CLASSIFICATION OF RISKS— EVIDENCE.

Receiver's assessment against members of an insolvent farmers mutual fire insurance association will not be held invalid because he failed to classify risks into rodded or unrodded ones and as to protected roofs pursuant to charter permission to do so where record does not disclose that company failed to make such classification if there was occasion to do so.

15. SAME—RECEIVERS—INSTRUCTIONS—AUTHORITY—STATUTES.

The receiver of an insolvent farmers mutual fire insurance association derives his authority from statute and he cannot act in contravention of or beyond the statute and,

while it is proper to ask the advice of the court in which he is an officer on an *ex parte* petition, the order confers no additional authority (3 Comp. Laws 1929, § 12269).

16. SAME—RECEIVERS—INTERVENTION—NOTICE.

Ordinarily parties permitted to intervene in an insurance receivership proceeding are entitled to notice of all further proceedings (3 Comp. Laws 1929, § 12269).

17. SAME—RECEIVERS—NOTICE TO INTERVENERS OF PARTICULAR PROCEEDING.

Failure to give intervening members of insolvent farmers mutual fire insurance association formal notice of proceedings relative to petition, hearing, and confirmation of receiver's assessment *held*, not prejudicial where interveners had an opportunity to, and did, contest various stages of the proceeding (3 Comp. Laws 1929, § 12269).

18. SAME—RECEIVERS—PRORATION OF ASSESSMENTS.

Proration of assessments against members of insolvent farmers mutual fire insurance association who joined during the latter part of a year for losses occurring during the year is not disturbed where proration is based on number of months in which each was a member where it is not disclosed that such adjustment injures anyone.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 17, 1941. (Docket No. 49, Calendar No. 41,427.) Decided April 8, 1941. Rehearing denied May 21, 1941. Reconsideration denied June 30, 1941.

Bill by Harry Toy, Attorney General of the State of Michigan, *ex rel.* John C. Ketcham, Commissioner of Insurance of the State of Michigan, against Lapeer Farmers Mutual Fire Insurance Association, for its dissolution. Earl West and others, as members and/or creditors of the Lapeer Farmers Mutual Fire Insurance Association petition for rehearing on certain petitions for instructions regarding assessments. Petition denied. Petitioners appeal. Affirmed.

*John F. Jordan,* for petitioners.

*Walter S. Foster* (*John Panchuk,* of counsel), for receiver.

*Clark, Klein, Brucker & Waples, amicus curiae.*

Butzel, J. The loose and careless method of conducting the business of the Lapeer Farmers Mutual Fire Insurance Association and its mismanagement resulted in insolvency and the appointment of a receiver on September 17, 1935, in accordance with the petition of the commissioner of insurance. The ensuing receivership has given rise to much litigation and some has reached this court. See *Simpson* v. *Goodrich,* 280 Mich. 351; *In re Dissolution of the Lapeer Farmers Mutual Fire Ins. Ass'n* (*Claim of Crawford*), 280 Mich. 363; *In re Gilliland,* 284 Mich. 604; *In re Dissolution of the Lapeer Farmers Mutual Fire Ins. Ass'n* (*Claim of Rice*), 295 Mich. 218. In addition to the instant case, two additional ones involving other questions relating to the dissolved association are pending in this court.

The commissioner of insurance was appointed statutory receiver. Two different assessments were ordered. However, the first was held invalid in *Simpson* v. *Goodrich, supra,* and the second was also held defective by the lower court for failure to comply with the court's order. After the receivership had extended over four years, John G. Emery was substituted as statutory receiver and Charles R. Bowles was appointed deputy receiver. The latter presented a petition to the circuit court for the county of Ingham for instructions as to many of the problems that confronted him in making an assessment. Appellants, members of the dissolved association, answered the petition and appeared at the hearing on April 26, 1940. Instructions were

filed by the court on July 12, 1940, in response to 16 questions propounded by the receiver. A petition for further instructions to the receiver was filed by appellants and other members but dismissed by the court on August 22, 1940. On October 1, 1940, the court ratified and affirmed an order for the 1940 assessment. The present appeal is mainly for the purpose of testing the validity of this order.

Appellants' brief presents 51 questions encompassed in 21 pages. Many of the questions are repeated a number of times with a slight rewording, and some are divided into many subdivisions. A large number of the questions are repetitious with but a slight rewording. The first question is reasserted nine times. Stating a question nine different times with a slight rewording is not stating nine different issues. We appreciate the difficulty of counsel for appellants but the mere statement of their contentions, appearing in the questions and without any further argument except solely to reassert the contentions without proper argument in the body of the brief, will be wholly disregarded. *Dolby v. State Highway Commissioner,* 283 Mich. 609 (117 A. L. R. 538). An attempt to brief questions in this manner is contrary to the spirit as well as the letter of Court Rule No. 67, § 1 (1933). We, therefore, only review such questions as we believe have any merit and are properly briefed. We also exclude from present consideration questions which are raised in the two other cases concerning the association now pending in this court.

Appellants contend that no valid assessment can be levied until there is another accounting and auditing of the company's books and records. Excerpts of the testimony in this and other proceedings are incorporated into the record to prove gross mismanagement of the affairs of the company and lack

of proper records. This seems to be admitted by the receiver, who, however, states that he has based his assessment on an audit of the books and accounts from 1926 to 1932 under the direction of George MaDan, certified public accountant; and audit from 1933 to the date of the receivership in 1935 by Depuis & Ryden, certified public accountants of Flint; as well as a careful investigation conducted by the deputy receiver. From a review of the record, it appears that the receiver has carefully examined the affairs of the company and that another accounting and auditing would not serve any useful purpose. The trial court quite correctly stated, in referring to the books and records of the company, "Obviously, the receiver has no method of supplying the omission." Appellants, in effect, oppose the assessment because officers were incompetent or neglectful in keeping proper records. This is not a tenable ground of opposition in an equity proceeding, since the petitioners herein were members of a mutual association in which they had equal voting rights. The practical result of this contention, if held valid, would be to prevent the receiver from ever levying an assessment to pay fire losses and creditors. We hold that the receiver had sufficient records so as to furnish adequate information upon which to base the assessment. The assessment was properly levied.

One of the questions raised by appellants on appeal can be concisely stated in the question asked by the receiver in his request for instructions by the court:

"A. Whether said association had authority to transact business after March 31, 1934, so that an assessment for a deficiency arising after such date should be made (1) against those persons who first became members thereof after March 31, 1934, or

(2) against those who became members prior to said date but by payment of renewal premiums thereafter retained such membership?''

Upon the revision, consolidation and classification of the laws of Michigan relating to insurance and surety business (Act No. 256, Pub. Acts 1917), commonly known as the insurance code, it is provided in part 4, chap. 4, § 10, referring to mutual fire, cyclone and hail companies (3 Comp. Laws 1929, § 12601 [Stat. Ann. § 24.451]), as follows:

"No insurance company organized or operating under this chapter shall transact any business without a certificate of authority from the commissioner of insurance. All such certificates of authority shall expire on the last day of March of each year and shall be renewed annually upon full compliance with the provisions of this chapter, and such certificates of authority shall be revocable by the commissioner of insurance for violation of any of the provisions of this chapter after due notice, to such company and a hearing on the question of such violation. No insurance company hereafter organized under this chapter, except as herein otherwise provided, shall be granted a certificate of authority or shall commence business until bona fide agreements have been entered into for insurance with at least two hundred individuals covering property to be insured to the amount of not less than five hundred thousand dollars; no company hereafter organized under sections 4 or 6 of this chapter shall commence business until it shall be possessed of not less than sixty thousand dollars in premiums, upon which not less than twenty-five thousand dollars have been paid in cash, and the remainder in notes or agreements of solvent parties founded on actual bona fide applications for insurance; and no company hereafter organized under sections 7 or 8 of this chapter shall commence business until bona fide agreements have been

entered into for insurance with at least two hundred individuals, covering property to be insured to the amount of not less than five hundred thousand dollars, which property in the first instance shall be located in not less than five counties, and not more than one hundred twenty-five thousand dollars of said property to be insured under such original applications shall be located in any one county."

Part 4, chap. 2, § 2, of the insurance code (3 Comp. Laws 1929, § 12568 [Stat. Ann. § 24.418]) provides as follows:

"All contracts of fire insurance upon property real or personal located in this State in companies not at the time of the making of such contracts duly authorized under the laws of this State to make such contracts are hereby declared to be void and unenforcible and no action at law or in equity shall be maintained on any such contract in any court."

Section 12574 (Stat. Ann. § 24.424), being part 4, chap. 2, § 8, of the insurance code, provides:

"The provisions of this subdivision shall not apply to policies issued by mutual fire insurance companies organized or doing business under the provisions of chapter 4 of this part."

While counsel for appellee claim that the provisions of section 12568 did not apply to mutual fire insurance companies because of section 12574, we find that section 12574 is limited to provisions of part 4, chap. 2, subd. 2 (3 Comp. Laws 1929, §§ 12572–12574 [Stat. Ann. §§ 24.422–24.424]), which does not apply to part 4, chap. 2, subd. 1 (3 Comp. Laws 1929 §§ 12567–12571 [Stat. Ann. §§ 24.417–24.421] ), in which section 12568 appears. Appellee further claims section 12568 should not apply because section 12601 was adopted later and would be a duplication of section 12568. This was the view taken

by the circuit judge. But even assuming that these two statutes are *in pari materia* and giving full force to each one of them, we nevertheless come to the same conclusion as did the circuit judge. Section 12568 holds all contracts to be void when made by companies not duly authorized to do so at the time of making such contracts. The circuit judge held that inasmuch as the formal certificate issued to the company expired on March 31, 1934, new policies issued after that date were null and void; that the holders of such policies were not subject to assessment; and that upon due proof premiums paid by them should be returned. Neither party to the appeal questions this holding. He further held that those who had previously become members and continued as such after March 31, 1934, were liable for assessments covering the remainder of 1934 and 1935 up to the time receivership proceedings were instituted. It is true that with contracts of insurance in stock companies, a renewal operates as a new and distinct contract. *Michigan Mortgage Investment Corp.* v. *American Employers' Ins. Co. of Boston,* 244 Mich. 72; *Ladies of the Modern Maccabees* v. *Illinois Surety Co.,* 196 Mich. 27; *Brady* v. *North Western Ins. Co.,* 11 Mich. 425. Renewal implies a fixed contract and the expiration of the original coverage. In a mutual company, however, there is no fixed term of membership. There is no new contract entered into or new policy issued as a matter of course from time to time. Upon the payment of membership fees, assessments and other charges, a member remains in good standing and his insurance continues in full force. Payment of such sums does not effect a new contract each year.

Appellants claim that 3 Comp. Laws 1929, § 12601, automatically put the company out of business on March 31, 1934, when it failed to obtain a new cer-

tificate of authority, and, therefore, no assessments for the subsequent period may be made against former members. The circuit judge held that those who were insured in the company on the 31st day of March, 1934, and continued as members after that date, were members and subject to the assessment and that the language of 3 Comp. Laws 1929, § 12601, does not provide an automatic method for the cessation of all activities by the company. While it does afford grounds for forfeiture or dissolution proceedings, the company still continues until appropriate action is taken to wind it up. The construction appellants assert would automatically put a company out of business if it were one day late in obtaining annual renewal. The case of *Stamm* v. *Northwestern Mutual Benefit Ass'n,* 65 Mich. 317, stressed by appellants, is not applicable. The company never obtained a certificate of authority to do business in this State and there was a voluntary abandonment of the field. The rule enunciated in *Cahill* v. *Kalamazoo Mut. Ins. Co.,* 2 Doug. (Mich.) 124 (43 Am. Dec. 457), is still the law. It was there held that a cause of forfeiture of corporate rights could not be taken advantage of collaterally but only in a direct proceeding against the corporation for that purpose.

The rule is stated in 1 Fletcher, Cyclopedia of Corporations (Perm. Ed.), p. 452, § 130, as follows:

"If a corporation fails to comply with a condition subsequent, the State may institute proceedings to enjoin or oust it in the right to exercise the powers and privileges conferred upon it, but until such proceedings are instituted and a judgment of forfeiture rendered, the existence of the association as a corporation is not in any way affected."

We, therefore, hold that the acts of the association were binding in all respects upon the former

members who continued as such until the appointment of the receiver in 1935.

Appellants further claim that a receiver cannot levy assessments prior to exhausting "primary" assets and without proving the necessity and propriety thereof. There is no proof presented in this record that the present receiver has not been diligent in collecting the assets, nor is it necessary on the basis of the facts presented in the record herein that the receiver first bring suit against the officers and directors, and that the assessment should not be levied until the outcome of such suits and the collection of judgments, if obtained. We cannot go into the merits, if there are any, of claims against the officers and directors. The collection of the assessments and the winding up of the receivership should not be further delayed, almost six years having elapsed since the appointment of the receiver. If any moneys are so collected, proper refunds can be made, if a sufficient amount is collected through assessments to pay creditors.

Appellants further contend that the receiver should be ordered to intervene in the case involving William E. Ivory's claim. Ordinarily it is not the duty of the receiver to litigate as between adverse parties. *Westgate* v. *Westgate,* 294 Mich. 88. The attorney general is also plaintiff in the case involving Ivory's claim and it is his duty to protect the rights of all parties.*

Further claim is made that the company assumed liabilities on single hazards amounting to more than $2,500, this being forbidden unless such excess was underwritten in another company.† No adequate proof of such violations appears on the record and

---

* See *post,* 188.—Reporter.

† See 3 Comp. Laws 1929, § 12594 (Stat. Ann. § 24.444).— Reporter.

we disregard the claim. Petitioners have failed to point out how, if true, this would affect the receiver's assessments. The assessment is also assailed on the grounds that the receiver failed to classify the risks into rodded or unrodded, and as to protected roofs under the charter of the association. The charter permits such classification upon application to the company and its approval. The record does not disclose any proof that the company failed to make such classification if there was any occasion to do so.

Appellants contend that they were entitled to notice of: (a) receiver's petition for confirmation and approval of his 1940 assessment; (b) making, filing and hearing of receiver's 1940 assessment; and (c) the order of confirmation and approval of the assessment. It appears that the appellants did not receive notice of these proceedings until October, 1940. A receiver derives his authority from 3 Comp. Laws 1929, § 12269 (Stat. Ann. § 24.46), and, while it is proper to ask the advice of the court in which he is an officer on an *ex parte* petition, the order confers no additional authority. He cannot act in contravention of or beyond the statute. *Wardle* v. *Townsend,* 75 Mich. 385 (4 L. R. A. 511). The petitioners received notice of the initial hearing and were represented by counsel. The lower court heard their arguments and gave consideration to the contentions of the present appellants. While, after intervening, appellants ordinarily would be entitled to notice of all further proceedings, the record shows that they had an opportunity to contest and did contest various stages of the proceeding. The error, if any, in failing to give appellants formal notice of the latter proceedings was not prejudicial.

The brief of the *amicus curiae* presents substantially the same questions as have been heretofore discussed. It also raises the further question as to whether the form of the assessments is proper. It claims that assessments cannot be made against members who joined during the latter part of a year for losses that occurred in the earlier part of the same year and prior to their becoming members. Specific instances of where this occurred are not shown. The assessments as made were prorated, so that if a person became a member the latter portion of the year, he was assessed only for such proportion of the assessment for the year as the number of months in which he was a member bears to the 12 months of the year. The brief does not disclose how anyone will be injured in this manner. Without any further information before the court, we have no reason to disturb the assessments on this ground.

We have covered the principal questions that were presented in the brief of appellants in accordance with the rule. Others will not be considered as having any merit.

The order of the trial court is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.