PERKINS *v.* CENTURY INSURANCE COMPANY, LTD.

SAME *v.* BRITISH GENERAL INSURANCE COMPANY, LTD.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict and judgment for defendant, testimony is viewed in a light most favorable to plaintiff, and the uncontradicted testimony of plaintiff must be accepted as true.

2. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—PERIOD OF REDEMPTION.

Under foreclosure of a statutory mortgage by advertisement, the right of redemption continues for one year after the date of sale at public auction (3 Comp. Laws 1929, § 14435, as amended by Act No. 62, Pub. Acts 1937).

3. TIME—COMPUTATION.

In computing time, the day from which the period begins to run is excluded and the day of performance included.

4. INSURANCE—RENEWAL POLICY A NEW CONTRACT.

Each renewal of a policy of insurance is a new contract.

5. SAME—SOLE AND UNCONDITIONAL OWNERSHIP—NOTICE.

A policy of fire insurance is not void for the reason that the insured was not the sole and unconditional owner of the property, where it appears that the insurer had full knowledge of all the facts and circumstances prior to issuing the policy.

6. SAME—RENEWAL—SOLE AND UNCONDITIONAL OWNERSHIP—FRAUD.

Renewal policies of fire insurance, issued during course of period of redemption, which failed to state that insured's interest was not sole and unconditional, a fact known to the issuing agent, were not void in the absence of a showing of fraud on part of insured.

7. SAME—FORECLOSURE OF MORTGAGE—FIRE LOSS ON LAST DAY OF PERIOD OF REDEMPTION—DAMAGES.

Fact that fire occurred on the last day of the existence of insured's right to redeem under foreclosure of mortgage by advertisement did not render damages in action on policies merely nominal.

8. APPEAL AND ERROR—DIRECTION OF VERDICT AT CLOSE OF PLAIN-
    TIFF'S PROOFS.
    Direction of verdict for defendant at close of plaintiff's proofs
        was error where pleadings and proofs were such as to entitle
        plaintiff to recover.

Appeal from Bay; McCormick (James L.), J.
Submitted October 6, 1942. (Docket Nos. 9, 10, Cal-
endar Nos. 41,964, 41,965.) Decided December 23,
1942.

Separate actions by Lulu Perkins against the
Century Insurance Company, Ltd., and the British
General Insurance Company, Ltd., foreign corpora-
tions, for sums claimed due on policies of fire insur-
ance. Cases consolidated for trial and appeal.
Judgment for defendants. Plaintiff appeals. Re-
versed and new trial granted.

*William L. Hellerman* (*Selwyn A. Lambert,* of
counsel), for plaintiff.

*Smith, Strawhecker & Wetmore,* for defendants.

CHANDLER, C. J. Plaintiff, Lulu Perkins, as the
insured named therein, seeks to recover under two
fire insurance policies issued by the defendants to
her on property enumerated therein. The two cases
were consolidated for trial below and have been con-
solidated for hearing in this court. At the close of
plaintiff's proofs, a motion made by defendants for
a directed verdict was granted, it being the trial
court's opinion that plaintiff must first seek equita-
ble reformation. On appeal from directed verdict
and judgment for defendant, testimony is viewed in
a light most favorable to plaintiff, and the uncontra-
dicted testimony of plaintiff must be accepted as

true. *Atletwed* v. *City of Marysville,* 295 Mich. 102; *Nichols* v. *Bush,* 291 Mich. 473.

Plaintiff was formerly the owner of residential property located in Bangor township on the Midland Road about one-half mile west of the city limits of Bay City. In 1933, she mortgaged the same to the Home Owner's Loan Corporation. On January 16, 1939, foreclosure sale was held under said mortgage and a sheriff's deed was issued and recorded with a recital therein that the same would become operative one year from January 16, 1939, unless redeemed.

On October 6, 1939, a fire insurance policy covering said residence for $3,000 for one year was issued by the defendant, Century Insurance Company, Ltd., through one Elliot, its agent at Bay City, and on January 12, 1940, a fire insurance policy covering said residence for $3,000 and its contents for $1,000 for one year was issued by the defendant, British General Insurance Company, Ltd., through the same Elliot, likewise its agent. Both were renewals of policies previously carried and expiring on the respective dates indicated.

Plaintiff testified that prior to the renewal of the policy of October 6, 1939, she had informed defendants' agent of the mortgage foreclosure sale, and that because of that occurrence she thought she would drop her policies; that defendants' agent advised her not to do so and offered to write a policy that would "protect" plaintiff.

Under this mortgage foreclosure, the right of redemption continued for one year after the date of sale at public auction,[*] *Young* v. *Land Bank of Detroit,* 266 Mich. 83, and in computing the time,

---

[*] See 3 Comp. Laws 1929, § 14435, as amended by Act No. 62, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14435, Stat. Ann. 1940 Cum. Supp. § 27.1231).—REPORTER.

the day from which the period begins to run is excluded and the day of performance included. *Gantz* v. *Toles*, 40 Mich. 725. On January 16, 1940, the last day on which plaintiff could exercise her right of redemption, at 11 o'clock in the forenoon, the residence, together with the contents, was totally destroyed by fire. At that time, plaintiff was in the place of business of a sister-in-law in Bay City who had agreed to furnish the money to her necessary to redeem said property.

The answer to the declaration denied liability on the policies because plaintiff was not "sole and unconditional owner" of the property insured at the time of loss nor at the time of issuance of said policies. Defendants' agent, without consultation with plaintiff, and despite notice of her true interest in the premises, wrote the policies without indorsing thereon the nature of her interest. Apparently, she merely copied the description from the policies being renewed.

Defendants rely chiefly on this court's holding in *Katzin* v. *Fidelity & Guaranty Fire Corporation of Baltimore*, 296 Mich. 74, where we held that an equity of redemption is an insurable interest, but that the failure to set forth this interest would require plaintiff to reform the policy in equity before recovery could be had at law. The distinction between the *Katzin Case* and the case at bar is to be found at page 76, where we said:

"Evidently the agent in issuing this renewal relied upon information derived from the former policy. So far as the record discloses, he did not know that the mortgage on the insured property had been foreclosed."

Defendants also rely on *Rossbach* v. *Continental Ins. Co.*, 276 Mich. 122. However, in that case a

change was made after the policy was issued. The rule as to where the facts are told to the agent when he is about to issue a new policy has always been distinguished. Further, each renewal of a policy of insurance has been held to be a new contract. *Brady* v. *Northwestern Ins. Co.,* 11 Mich. 425. The rule governing when new policies are issued is well expressed by *O'Neill* v. *Northern Assurance Co.* (syllabus), 155 Mich. 564.

"A policy of insurance is not void for the reason that the insured was not the sole and unconditional owner of the property, where it appeared that the insurer had full knowledge of all the facts and circumstances prior to issuing the policy."

The following is a partial list of cases in complete accord. *Hoose* v. *Prescott Insurance Company of Boston,* 84 Mich. 309 (11 L. R. A. 340); *Gristock* v. *Royal Ins. Co.,* 87 Mich. 428; *Bryant* v. *Granite State Fire Ins. Co.,* 174 Mich. 102; *Gordon* v. *St. Paul Fire & Marine Ins. Co.,* 197 Mich. 226 (L. R. A. 1918 E, 402); *Schaefer* v. *East & West Ins. Co.,* 260 Mich. 220; *Johnston* v. *Manhattan Fire & Marine Ins. Co.,* 294 Mich. 550.

In all the above cases, the jury found that the agent had notice of the true interest before the issuance of the policy and recovery was permitted at law. The two apparent exceptions to the rule are *Kleis* v. *Niagara Fire Ins. Co.,* 117 Mich. 469, and *Michigan Stamping Co.* v. *Michigan Employers' Casualty Co.,* 235 Mich. 4. In the *Kleis Case,* the plaintiff did not declare or rely upon the policy, but instead, "He seems to concede that he is not attempting to recover upon the policy, but upon the oral contract for a policy; and the declaration alleges that the policy delivered was not in conformity to the agreement for insurance." Under such circumstances, the court properly referred plaintiff to

equity for reformation, but the court did say at page 476:

"Had this declaration counted upon the policy, and the defense been made that the other insurance forfeited the policy, it would have led to the question of waiver of the condition by the defendant.

"As there could be no recovery under this declaration, the judgment is reversed."

The record discloses that in the case at bar the declaration rests upon the policies without any allegations of any oral agreement. The *Michigan Stamping Company Case, supra,* is very similar to the *Kleis Case, supra,* and in the former we said:

"When the proofs were closed, plaintiff's counsel insisted that it could recover on 'an oral or parol agreement which was not included in the contract but which we now ask a right in suing on that contract to read into the contract.' * * * The trial court declined to accept this view, basing his holding on *Kleis v. Niagara Fire Ins. Co.,* 117 Mich. 469."

In filling out the proofs of loss, there was an unintentional—alleged—mistake made in stating the nature of plaintiff's interest. We have held, *Brunswick-Balke-Collender Co. v. Northern Assurance Co.,* 142 Mich. 29, that there must be a fraudulent intent—absent here—before such a misstatement will act so as to void the policy.

The contention is further advanced by defendant that as this was the last day of the existence of the right to redeem by plaintiff, the damages are nominal. However, in *Cone v. Niagara Fire Ins. Co.,* 60 N. Y. 619, it was decided, by reasoning we hold controlling, that this very valuable right is as valuable on the last day as the first. Also, see *Hopkins Manfg. Co. v. Aurora Fire & Marine Ins. Co.,* 48 Mich. 148.

The trial court erred in directing a verdict for defendants at the close of plaintiff's proof, because the pleadings and proofs at that time were such as to entitle plaintiff to recover.

Judgment reversed and case remanded for a new trial, with costs to appellant.

BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.