L. A. WALDEN & CO. v. CONSOLIDATED UNDERWRITERS.

1. APPEAL AND ERROR—EVIDENCE.
    On appeal in action for commissions against two reciprocal insurance exchanges, a corporation, and a partnership, record *held*, to sustain holding of trial court that there was no proof on which to base a judgment against one of the exchanges and the corporation.

2. CORPORATIONS—STOCK AND STOCKHOLDERS—IDENTITY OF INTEREST.
    A corporation and the person who owns all of its stock, which have been dealt with indiscriminately by defendants over a course of years are treated as one for purpose of determining liability of the parties to the suit.

3. CONTRACTS—EXPRESS CONTRACT—DIFFERENCE AS TO MEANING OF TERMS.
    Where parties have entered into an express contract but differ as to the meaning of the terms therein contained, recovery thereunder must depend upon the construction given those terms.

4. SAME—AMBIGUITY.
    In resolving an ambiguity in the terms of an express contract, it is necessary to look to the dealings of the parties had in respect thereto.

5. SAME—AMBIGUITY—CONSTRUCTION AGAINST PARTY DRAWING INSTRUMENT.
    An ambiguous contract is construed against the party who prepared it.

6. INSURANCE—TERMINATION OF AGENCY CONTRACT—EARNED COMMISSIONS.
    In insurance agent's action against reciprocal insurance exchange and its attorney-in-fact for commissions under agency contract based upon the earned and paid monthly premium deposits by insureds under workmen's compensation insurance contracts, written before termination of agency contract but on which

---

Construction of ambiguous contracts, see 1 Restatement, Contracts, § 233.

some premiums had not been fully paid before such termination, plaintiff was entitled to recover as premiums were fully earned, where the compensation contracts were not renewals merely dependent upon payment of premiums by insureds, but new contracts upon which amount of premiums and commissions of agent were finally determinable at end of year for which written.

7. SAME—COMMISSIONS EARNED BEFORE TERMINATION OF AGENCY CONTRACT—SUBSEQUENT COLLECTION OF PREMIUMS BY INSURER.

The termination of an agency contract for workmen's compensation insurance policies did not end the agent's right to commissions on premiums earned by agent and later collected by the insurer on policies issued during the life of the agency contract.

8. JUDGMENT—INTEREST.

On remand of nonjury case for entry of judgment in favor of plaintiff instead of judgment for defendant on set-off and recoupment plea, legal interest is allowed plaintiff from date of entry of previous judgment to date of entry of one ordered by Supreme Court.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted October 11, 1946. (Docket No. 55, Calendar No. 43,403.) Decided December 3, 1946. Rehearing denied January 6, 1947.

Assumpsit by L. A. Walden & Company, a Michigan corporation, and L. A. Walden, individually, against Consolidated Underwriters and Underwriters Exchange, reciprocal insurance exchanges, T. H. Mastin & Company, a Missouri corporation, individually and as attorney-in-fact for defendant exchanges, and T. H. Mastin & Company, a partnership, for insurance commissions. Notice of set-off and recoupment for sums claimed to be due defendants. Judgment for defendants Consolidated Underwriters and T. H. Mastin & Company, partnership. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs against Consolidated Underwriters and T. H. Mastin & Company, partnership.

*Frederick W. Fox* and *G. Leslie Field,* for plaintiffs.

*O'Brien & Nertney,* for defendants.

BOYLES, J.   This suit was brought by plaintiffs to recover commissions claimed to be due them for acting as agents for the defendants in selling compensation insurance.   The defendants denied liability and gave notice of set-off and recoupment.   The amounts involved are stipulated.   Plaintiffs claim they are entitled to a judgment for $2,473.28 plus interest, against T. H. Mastin & Company, a copartnership, Consolidated Underwriters and Underwriters Exchange.   The trial judge, hearing the case without a jury, entered a judgment against L. A. Walden individually of no cause for action as to all defendants; against L. A. Walden & Company, a Michigan corporation, of no cause for action as to Underwriters Exchange and T. H. Mastin & Company, a Missouri corporation; and in favor of defendant Consolidated Underwriters and T. H. Mastin & Company, a copartnership, on their claim of set-off and recoupment, and against L. A. Walden & Company, a Michigan corporation, for $1,329.81.   No defendant has appealed or cross-appealed.   Plaintiffs appeal, claiming they should have judgment against all the defendants except T. H. Mastin & Company, a Missouri corporation, for $2,473.28 plus interest. The involvement among these various parties, as to their respective claims, is a fair sample of the confusion that existed between and among them during the course of their transactions.   The question this Court is asked to decide, on the appeal, is whether either plaintiff is entitled to a judgment and, if so, against whom; and, if not, whether the judgment for defendants Consolidated Underwriters and T. H.

Mastin & Company, a copartnership, against L. A. Walden & Company, a corporation, for $1,329.81 should be affirmed. The trial court held that there was no proof on which to base a judgment against the .defendants Underwriters Exchange and T. H. Mastin & Company, a Missouri corporation, and we concur in this conclusion.

The crucial issue in the case, which we consider to be controlling of the result, is whether plaintiffs, or either of them, are entitled to agent's commissions on premiums collected by the defendants, or any one or more of them, after termination of the agency contract, on certain annual policies issued prior to the termination of the agency contract, and during the remainder of the policy years.

L. A. Walden & Company, a Michigan corporation, was licensed by the State commissioner of insurance to act as agent for defendants Underwriters Exchange and Consolidated Underwriters during the period material to this suit. Defendant T. H. Mastin & Company, a copartnership, was attorney-in-fact for these two reciprocal insurance exchanges. It had an agency contract with L. A. Walden, as an individual, which the trial court found was lawfully terminated by T. H. Mastin & Company, the copartnership, on January 15, 1943.

The insurance written was mostly for workmen's compensation liability. There was, in addition, a small amount of public liability insurance which is not involved in this suit. The compensation policies were for a term of one year, and a new policy was issued each year. If the premium was small, it might be paid at the beginning of the policy year. If the premium was large, the insured was allowed to make an initial deposit of one-third the estimated premium, and to pay the full amount in monthly instalments during the policy year. Both types of ·

premium payment were subject to audit at the end
of the policy year, at which time adjustment of pre-
mium was made according to the actual number of
employees covered, their wages, and type of risk,
none of which could be precisely determined before
the end of the policy year. T. H. Mastin & Com-
pany, the copartnership, collected the premiums di-
rectly from the insured. Exhibit 21, a typical in-
surance policy, contains the following provisions as
to cancellation:

"This contract may be canceled by either of the
parties after 10 days' written notice to the other.
* * * If canceled by the attorneys-in-fact for
nonpayment of monthly charges, or if canceled by
the subscriber for any cause, the subscriber shall
pay to the attorneys-in-fact the remuneration they
would have received had the contract continued in
force until its next anniversary date."

It appears that defendants dealt indiscriminately
with both plaintiffs as agents, although the agency
contract itself was with L. A. Walden as an in-
dividual. The express contract on which plaintiffs
rely was in the form of a proposal addressed by
T. H. Mastin & Company to L. A. Walden individ-
ually, and the acceptance was signed by Walden
individually. However, most of the agency licenses
issued by the State insurance commissioner were
to "L. A. Walden & Company, L. A. Walden, Presi-
dent." The record before us indicates that during
the entire course of their dealings these parties acted
on the assumption that either one, or both, of the
plaintiffs had authority to act as agent for the de-
fendants. Their transactions were in such confusion
in that regard that checks for payment of commis-
sions were made payable to L. A. Walden and the
corporation jointly. In some years State licenses to
act as agent for the defendant reciprocal insurance

companies were issued by the State insurance commissioner to both L. A. Walden as an individual and to the corporate plaintiff. L. A. Walden is the president of L. A. Walden & Company and sole owner of all the corporate stock. We find that the record indicates a community of interest between the two plaintiffs to such an extent that plaintiffs may be treated as one for the purpose of considering the issue in the case. See *Montgomery* v. *Central National Bank & Trust Co. of Battle Creek,* 267 Mich. 142.

Plaintiffs declared on an express written agreement signed "T. H. Mastin & Company, By T. H. Mastin," and accepted by "L. A. Walden." The defendants answered admitting the contract, but claimed that it was to continue only so long as plaintiff L. A. Walden was employed as agent, that he terminated his employment in November, 1942, and that therefore he was entitled to no commissions except those on premium deposits paid during the time he was in defendants' employ. Plaintiffs, replying to the affirmative matter in the answer, stated:

"That although plaintiff L. A. Walden ceased to act as agent for defendants in November, 1942, at which time defendants terminated such agency,* he was nevertheless entitled to receive commissions on business written by him over a period of one year, that being the time for which the policies were written."

We conclude that recovery, if any, must depend upon the construction to be given the terms and provisions in the express written contract of agency. The parties differ as to the meaning of these terms. See *Millar* v. *Macey Co.,* 263 Mich. 484; *Clifton* v.

---

* No appeal has been taken from the court's finding that the agency was terminated January 15, 1943.

*Village of Constantine,* 294 Mich. 304; *Geistert* v.
*Scheffler, ante,* 325.

The material part of the written contract as to
commissions on premium payments to be paid to the
agent is as follows:

"1.   Nine per cent. of all business except special
deals, to be paid monthly, *based upon the earned and
paid monthly premium deposits;* this to begin on the
1st of January, 1941.

"2.   Five per cent. bonus of the first year's esti-
mated premium on new business only, *based upon*
the paid initial deposit, if you prefer to do it this
way rather than waiting until the actual premium
has been paid. *If you prefer to wait until the actual
premium has been paid, it can be paid to you
monthly, based on the actual earned paid pre-
mium.* This bonus does not apply on the special
deals.   *   *   *

"6.   It is understood this agreement will continue
so long as we employ you to look after our interests
in the Detroit, Michigan territory, unless in the
future the undersigned conclude to make another
agreement."

Defendants contend that the words "based upon
the earned and paid monthly premium deposits," in
paragraph 1, preclude recovery of commissions on
premiums paid after termination of the agency.
However, this conclusion cannot be clearly deduced
from the language of the contract. Unless the con-
tract clearly so provides, we should not conclude
that there must now be a forfeiture of plaintiffs'
commissions fully earned. Does "based upon"
mean contingent upon, or does it mean *computed on*
the basis of the earned and paid premium deposits?
To aid in resolving this ambiguity it is necessary to
look to the dealings of the parties. The method
which they employed in carrying out these provi-
sions of the contract was as follows: If the premium

was a lump sum payment, plaintiffs received nothing until the audit at the end of the year. If it was made in monthly payments, they received an approximate commission during the following month, which was subject to adjustment at the end of the year. From the second paragraph of the contract it is clear that a similar method was optional with the plaintiffs in the case of new accounts, and this lends credence to the testimony as to the course of dealing under paragraph 1, which was uncontradicted. This contract was drawn by Mr. Mastin, a lawyer, and should be construed against the defendants where ambiguous. *Saxon* v. *Howey*, 247 Mich. 508. For a comparable situation, see *Clausen* v. *Title Guaranty & Surety Co.*, 168 App. Div. 569 (153 N. Y. Supp. 835 [affirmed without opinion, 222 N. Y. 675 (119 N. E. 1035)]).

Under such circumstances, does the right to commissions fully earned by plaintiffs on premiums accrued, but not certain in amount, become forfeited upon termination of the agency? There is nothing in the contract to this effect. Defendants claim it as a rule of law, and the trial court so found. We do not agree with this conclusion. Defendants rely upon *Phoenix Mutual Life Ins. Co.* v. *Holloway*, 51 Conn. 310 (50 Am. Rep. 20); 29 Am. Jur. pp. 136, 137; 79 A. L. R. 475, 478; 136 A. L. R. 160, 167; 35 L. R. A. (N. S.) 153; *Fidelity & Deposit Co. of Maryland* v. *Washington Life Ins. Co. of New York*, 193 Fed. 512, and like cases, which hold in effect that an insurance agent whose agency is rightfully terminated is not entitled to commissions on renewal policies unless his contract specifically so provides. But these cases and annotations have reference to *renewals* of life insurance policies, effective subsequent to the termination of the agency. The case at bar deals with contracts which were "renewed"

prior to the termination of the agency. Strictly speaking, these were not renewals at all, but new contracts. *Brady* v. *North Western Ins. Co.*, 11 Mich. 425; *Aurora Fire & Marine Ins. Co.* v. *Kranich*, 36 Mich. 289; *Ladies of The Modern Maccabees* v. *Illinois Surety Co.*, 196 Mich. 27; *Michigan Mortgage-Investment Corp.* v. *American Employers' Ins. Co. of Boston*, 244 Mich. 72; *Attorney General, ex rel. Commissioner of Insurance*, v. *Lapeer Farmers Mutual Fire Ins. Assn.*, 297 Mich. 174; *Perkins* v. *Century Ins. Co., Ltd.*, 303 Mich. 679. The situation in the instant case differs from that of policies which are automatically renewed by payment of premium, and not by the issuance of new policies as was done in the present case.

We conclude that plaintiffs are entitled to the commissions claimed. The case is similar to *Stevenson* v. *Brotherhoods Mutual Benefit*, 312 Mich. 81, where such recovery was allowed on a somewhat less ambiguous contract. See, also, *American Surety Co.* v. *Sheerin* (Tex. Civ. App.), 203 S. W. 1120, where under similar circumstances the court said:

"It is thus obvious that Sheerin (the agent) had concluded every essential step necessary to entitle him to his compensation under his arrangement with the American Surety Company. The fact that the company extended credit to the bank (the insured) did not reduce the period of the bond to any less term than two years, or lessen the liability of the bank to pay the premium when due, or require any other act on the part of Sheerin in order to earn his commission."

In this case, the fact that defendants extended monthly credit to the insured did not reduce the period of a policy to any less term than one year, or require any further act on the part of plaintiffs to earn the commission.

The foregoing conclusion answers defendants' claim that the termination of the agency contract ended plaintiffs' rights to commissions on premiums then unpaid, regardless of the length of time the policies had to run thereafter. Defendants terminated the agency agreement on January 15, 1943, as they had the right to do under paragraph 6 of the contract hereinbefore quoted. However, such termination did not end plaintiffs' right to commissions on premiums earned by plaintiffs and later collected by the defendants, on policies issued during the life of the agreement.

The judgment for the defendants on their set-off and recoupment is set aside and reversed. Inasmuch as the plaintiff corporation has received the benefits of the agency contract entered into by L. A. Walden, individually, and is the agent of the defendant reciprocal companies recognized by the State insurance commissioner, L. A. Walden & Company, a Michigan corporation, will be considered as the plaintiff entitled to the commissions. The case is remanded for entry of judgment for plaintiff L. A. Walden & Company against defendants T. H. Mastin & Company, a copartnership, and Consolidated Underwriters, a reciprocal insurance exchange, for $2,473.28, together with interest at five per cent. from April 11, 1945, to date of entry of judgment, with costs to said plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.