**FARMERS INSURANCE EXCHANGE,**
Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant.

**Civ. A. No. 14098.**

United States District Court
E. D. Michigan, S. D.

June 29, 1956.

Richard A. Harvey and Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for plaintiff.

Carl F. Davidson, Detroit, Mich., for defendant.

LEVIN, District Judge.

Plaintiff, Farmers Insurance Exchange, as the insurer on an automobile policy issued to George E. Furtaw, has moved for summary judgment against defendant, Allstate Insurance Company, on the theory that defendant,

**214**

also an insurer of Furtaw, is liable for a proportion of the damages resulting from an automobile accident occurring on October 19, 1952. By the terms of the plaintiff's policy it became subrogated to Furtaw's rights as to any other insurance policy on his automobile.

No issue of fact has been raised by the affidavits and supporting papers which have been submitted. The essential facts are as follows:

Defendant had issued a policy insuring an automobile belonging to Furtaw, who is now deceased, for a period described as follows in the policy:

"The policy period shall be as stated below and for such succeeding periods for which the required premium is paid in advance.

"Policy Period: This policy is effective

"From    Oct. 1   51
"To       Oct. 1   52
"12:01 A.M. Standard Time"

Sometime prior to October 1, 1952, defendant sent Furtaw a policy, renewing the 1951–52 policy, which had the same policy number and contained the identical language as the 1951–52 policy except that the policy period read:
"  *   *   *

"From    Oct. 1   52
"To       Oct. 1   53
"12:01 A.M. Standard Time"

Furtaw having made no acknowledgment of the receipt of this policy, defendant sent him a notice dated October 9, 1952, advising him that the automobile insurance would be cancelled as of October 21, 1952, 12:01 A.M. standard time, without prejudice to any claims originating prior to that time.

The affidavit of one Larry Powers states that he was the salesman of defendant who sold the original 1951–52 policy to Furtaw; that prior to October 1, 1952, Powers left defendant's employment and became employed by plaintiff; that prior to September 24, 1952, Powers, as the representative of plaintiff, went to the home of Furtaw and sold him plaintiff's policy which was effective October 1, 1952; that Furtaw told Powers that he did not wish to renew the defendant's policy. It is clear from this affidavit, as plaintiff has conceded, that Furtaw did not intend to continue the defendant's policy beyond October 1, 1952.

On October 19, 1952, Dorothy M. Furtaw, while operating Furtaw's automobile with his permission, was involved in an automobile accident. Defendant admits that it was properly notified of this accident pursuant to the terms of its renewal policy. Plaintiff advised defendant that in its opinion defendant was liable for a proportion of any resulting damages and therefore requested defendant to defend two law suits against Dorothy M. Furtaw which arose from the accident. Defendant refused to defend these suits, denying liability, as it does in this suit, on the grounds that the original policy expired October 1, 1952 and that the renewal policy was not a binding contract of insurance.

Plaintiff, pursuant to the terms of its policy, defended the two suits against Dorothy Furtaw and paid the resulting judgments and the attorney fees incurred in this defense, which together amounted to $14,400.

Both defendant's original and renewal policy contained the following clause:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss  *  *  *."

Thus, plaintiff prays for judgment of $5,166.66 plus interest and the costs and attorney fees it incurred in bringing this action, on the theory that this represents the proportion of the judgments resulting from the October 19, 1952, accident which the defendant is obligated to pay pursuant to the terms of the renewal policy.

It is elementary that plaintiff's claim against the defendant de-

pends on the right of Furtaw to have recovered from defendant on the renewal policy. Musser v. Ricks, 1935, 271 Mich. 174, 259 N.W. 882; DeHaan v. Marvin, 1951, 331 Mich. 231, 49 N.W.2d 148. It has been the long established law of Michigan that a renewal of an insurance policy is to be considered as if it were a new, original contract which must be based on mutual consideration, and must be the result of an offer and acceptance. Brady v. Northwestern Insurance Co., 1863, 11 Mich. 425; Ladies of Modern Maccabees v. Illinois Surety Co., 1917, 196 Mich. 27, 163 N.W. 7. See also Walden & Co. v. Consolidated Underwriters, 1946, 316 Mich. 341, 25 N. W.2d 248; Perkins v. Century Insurance Co., Ltd., 1942, 303 Mich. 679, 683, 7 N. W.2d 106; Attorney General ex rel. Commissioner of Insurance v. Lapeer Farmer Mutual Fire Ins. Ass'n, 1941, 297 Mich. 174, 183, 297 N.W. 232; Michigan Mortgage-Investment Corp. v. American Employers' Ins. Co., 1925, 244 Mich. 72, 74, 221 N.W. 140; Aurora Fire & Marine Ins. Co. v. Kranich, 1877, 36 Mich. 289, 294.

■ The renewal policy recites the payment of a premium as consideration and, where there is no intention to pay the required premium, there is no valid insurance policy. Schaefer v. Peninsular Casualty Insurance Co., 1934, 266 Mich. 386, at page 396, 254 N.W. 139. There was no meeting of the minds such as is required by law for the formulation of a contract. I find that there was no contract of insurance between defendant and Furtaw in existence on October 19, 1952, the date of the accident, for Furtaw never intended to accept the renewal.

■■ The fact that defendant sent a notice of cancellation of the renewal policy is of no legal consequence as there was no valid renewal policy to cancel. See Continental Casualty Co. v. Rosenzweig, D.C.S.D.N.Y.1952, 105 F.Supp. 253. Nor can defendant be estopped from denying the existence of an enforceable policy on October 19, 1952, for "the doctrine of * * * estoppel cannot be applied so as to create a liability not created by the contract * * *." Ruddock v. Detroit Life Insurance Co., 1920, 209 Mich. 638 (Syllabus 9), 177 N.W. 242. See, also, Ames v. Auto Owners' Insurance Co., 1923, 225 Mich. 44, 195 N.W. 686.

■ Mich.C.L. '48 § 522.34, Mich. Stat.Ann. § 24.298, which provides that an insurer must give an insured five days' written notice before cancelling an insurance policy, is not applicable here as that statute only applies where there is a valid policy in force. Bek v. Zimmerman, 1938, 285 Mich. 224, 280 N.W. 741. Similarly, DeHaan v. Marvin, 1951, 331 Mich. 231, 49 N.W.2d 148, is not applicable for there the elements of an enforceable contract of insurance were present in that there was an offer and an acceptance and, though the premium was due, the insurance company in effect extended credit to cover the unpaid premium.

■ I am of the opinion that defendant, rather than the plaintiff, is entitled to summary judgment. Although defendant has not moved for summary judgment, the better practice is to grant summary judgment for the non-moving party if it is entitled thereto. F.R.C.P. 56, 28 U.S.C.A.; American Auto Ins. Co. v. Indemnity Ins. Co., D.C.E.D.Pa.1952, 108 F.Supp. 221; 6 Moore's Federal Practice § 56.12 (1953).

Accordingly, an order is being entered denying plaintiff's motion for summary judgment and granting judgment for defendant.