WHITEHORN *v.* INGHAM CIRCUIT JUDGE.

INSURANCE—RECEIVERS—REINSURANCE—INTERVENTION BY DISSENT-
ING POLICYHOLDER—EQUITY.

> One of 13 policyholders, dissenting from reinsurance agreement
> made by transferee of insolvent insurance company's assets
> with receiver appointed by Federal court, to which receiver,
> the State commissioner of insurance had transferred assets of
> the company, *held*, not entitled to intervene in receivership
> proceedings in State court wherein commissioner of insurance
> had first been appointed receiver, for purpose of setting aside
> Federal receivership where such action after assets had been
> handled a year by such transferee, receivers and others would
> result in widespread confusion and hardship and involve prop-
> erty rights and claims many times greater than plaintiff's and
> no useful purpose would be served by granting plaintiff leave
> to intervene (3 Comp. Laws 1929, §§ 12263–12270, as amended
> by Act No. 249, Pub. Acts 1933).

Mandamus by David Whitehorn to compel Leland
W. Carr, Ingham Circuit Judge, to vacate an order
denying plaintiff the right to intervene. Submitted
June 22, 1937. (Calendar No. 39,209.) Writ denied
September 1, 1937.

*Harris W. Wienner,* for plaintiff.

*Raymond W. Starr,* Attorney General, *Joseph
Zwerdling* and *John Panchuk,* Assistant Attorneys
General, and *Bayre Levin, amici curiæ.*

CHANDLER, J. On the 11th day of June, 1935, the
attorney general of the State of Michigan on rela-
tion of the commissioner of insurance, filed in the

Ingham circuit court a bill of complaint against the Detroit Life Insurance Company, a Michigan corporation, for the purpose of reorganization or dissolution of said corporation, said proceedings being taken under the provisions of 3 Comp. Laws 1929, §§ 12263 to 12270, as amended by Act No. 249, Pub. Acts 1933.

On June 19th, following, pursuant to stipulation between the insurance company and the plaintiff, the court entered an order whereby John C. Ketcham, then commissioner of insurance, was authorized to take over the Detroit Life Insurance Company and all of its assets with full power as such receiver to continue the business of the company under the direction and control of the court.

It appears from the record that thereafter various plans for reorganization and rehabilitation of the Detroit Life Insurance Company were submitted to the court, none of which were approved, and the court made a further order authorizing and directing Commissioner Ketcham to continue his possession and operation of said company.

In September, 1935, one Ralph Finnernan, a policyholder, commenced a suit in the district court of the United States for the eastern district of Michigan against said Detroit Life Insurance Company and Commissioner Ketcham, praying for the reorganization or dissolution of the Detroit Life Insurance Company, and, pending suit, for the appointment of a receiver. The attorney general of Michigan on behalf of the commissioner of insurance and counsel for the insurance company filed motions to dismiss the Federal case, which motions were denied, and on October 31, 1935, one John A. Reynolds was appointed temporary receiver of the company by the Federal court, and on November

11, 1935, permanent receiver, and Commissioner Ketcham was ordered by the Federal court to relinquish the control of the assets of said company to the Federal court receiver, which was accordingly done. No appeal from this action was taken.

On February 10, 1936, the Federal court receiver transferred all of the assets of the insolvent insurance company to a new life insurance company, organized under the laws of this State and known as The Life Insurance Company of Detroit, upon terms and conditions set forth in an agreement of reinsurance authorized by order of the Federal court and which agreement of reinsurance was approved by the Michigan insurance commissioner. On April 15, 1936, the State treasurer of Michigan, pursuant to an order of the Federal court, and consented to by the attorney general, delivered to the Federal court receiver to be turned over to The Life Insurance Company of Detroit, the securities theretofore deposited by the insolvent insurance company with the said State treasurer in pursuance of law.

On March 29, 1936, the plaintiff herein filed a petition in the circuit court for the county of Ingham for leave to intervene in the proceedings there pending wherein the attorney general, on relation of the commissioner of insurance was plaintiff and the Detroit Life Insurance Company defendant. A hearing on said petition was had on June 20, 1936, and on August 4, 1936, an order was entered denying plaintiff the right to intervene. Plaintiff was granted leave to appeal, his application being considered as a petition for an order to show cause, and on September 25, 1936, the respondent, Leland W. Carr, circuit judge for the county of Ingham, filed his answer to said order and prays that the petition for writ of mandamus be denied.

By the record it appears that the plaintiff is the holder of a policy of insurance in the sum of $1,000 in the Detroit Life Insurance Company, and it is claimed in the brief of the *amicus curiæ* that the total surrender value of said policy at this time is the sum of $292.30, and that he is entitled to be paid on the basis of an appraisal as his distributive share, whenever he dissents from the agreement of reinsurance, the sum of $58.46. Plaintiff by his supplemental and reply brief insists that the surrender value of his policy is upwards of $500 instead of $292.30.

It further appears in the brief filed by the *amicus curiæ,* and which is uncontradicted by plaintiff, that since the time of the transfer to The Life Insurance Company of Detroit of the assets of the Detroit Life Insurance Company by the Federal court receiver, policyholders only 13 in number having policies in the aggregate amount of $29,000 and having claims as creditors in the aggregate amount of $3,800.33 have dissented from the agreement of reinsurance approved by the commissioner of insurance, and that all the other policyholders, approximately 30,000 in number having insurance in excess of $30,000,000 and claims as creditors in excess of $7,000,000, have acquiesced in such transfer and in the adjustment of their claims against the insolvent Detroit Life Insurance Company in accordance with the terms of the reinsurance agreement.

The plaintiff contends that the Federal court was without jurisdiction to entertain the petition filed for the appointment of a receiver; that it was without jurisdiction to enter an order directing the sale of the assets of the Detroit Life Insurance Company to The Life Insurance Company of Detroit, and that all proceedings had pursuant to the order or orders of said Federal court are void. On the other

hand, it is contended in the brief of the *amicus curiæ* that The Life Insurance Company of Detroit had, in pursuance of the agreement of reinsurance under order of the Federal court and with the approval of the commissioner of insurance and the acquiescence of over 30,000 policyholders, dealt with the property and assets acquired by it from the receiver of the Detroit Life Insurance Company and with such policyholders to such an extent and in such manner as to make absolutely impossible the reversal of the acts and things done during a period of more than one year prior to the date hereof by the Federal court, by the commissioner of insurance, by the receiver, by The Life Insurance Company of Detroit and by the policyholders generally of the insolvent insurance company without widespread confusion and hardship and creation of multitudinous legal problems involving many thousands of individuals and involving property rights and claims actually and potentially of a value or amount so great as to be incapable of any accurate estimate or calculation.

"In particular the said The Life Insurance Company of Detroit, since such transfer, conveyance and assignment, has (a) sold or otherwise disposed of property or assets, the subject matter of the proceedings sought to be affected, to the amount of $473,775.44, (b) made and executed leases on parts of such assets of a value upwards of $100,000, (c) paid out of such property and assets in cash upon death claims and otherwise to policyholders, the sum of $534,772, and (d) accepted the surrender of policies issued by the insolvent insurance company in exchange for 10,059 policies issued direct by the said The Life Insurance Company of Detroit for the aggregate amount of $11,984,965." Brief of *amicus curiæ*.

We believe that the learned circuit judge had the foregoing situation in mind when he dismissed plaintiff's petition and we are in accord with his opinion that no useful purpose will be served by granting plaintiff leave to intervene.

The appeal is therefore dismissed and writ denied.

FEAD, C. J., and NORTH, BUSHNELL, SHARPE, and POTTER, JJ., concurred.

WIEST, J., concurred in the result.

BUTZEL, J., did not sit.