ATTORNEY GENERAL, *ex rel.* COMMISSIONER OF INSUR-
ANCE, *v.* LAPEER FARMERS MUTUAL FIRE INS. ASSN.

APPEAL OF RICE.

1. RECEIVERS—ACCOUNTS—SURETY—CANCELLATION OF BOND WITH-
OUT PREJUDICE.

Under order approving account of a former receiver and can-
celling his bond, expressly providing that it is ''without
prejudice to any claims or obligations under said bond dur-
ing the time it was in force and effect,'' present receiver
would not be precluded from proceeding against former re-
ceiver and his surety in case he should find a sufficient basis
for doing so.

2. INSURANCE—MUTUAL ASSOCIATIONS—PURPOSE OF RECEIVERSHIP.

The purpose of a receivership of a mutual insurance association
is to collect, from the members legally liable on their assess-
ments, funds to pay the creditors of the association.

3. SAME—MUTUAL ASSOCIATIONS—RECEIVERSHIPS—INTERVENTION.

Only in unusual circumstances will intervention be permitted
in receiverships of mutual insurance associations.

4. SAME—RECEIVERS—POLICYHOLDERS.

The common interest of all policyholders is entrusted to the
commissioner of insurance who alone may institute receiver-
ship proceedings (Act No. 256, part 1, chap. 3, § 9, Pub.
Acts 1917, as added by Act No. 249, Pub. Acts 1933).

5. PARTIES—INTERVENTION.

Where intervention is sought by one who is not a necessary
party to a proceeding, the trial court may exercise its dis-
cretion and unless there is a clear abuse of discretion, no
error is committed in denying the right to intervene.

6. INSURANCE—FARMERS MUTUAL FIRE ASSOCIATION—RECEIVERS—
INTERVENTION.

In receivership of a farmers' mutual fire insurance association
in which former receiver had commenced hundreds of law
suits and which had been engaged in much litigation for a
period of over six years, trial court did not abuse its dis-
cretion in denying petition of a dozen members and creditors
to intervene and for instructions to present receiver relative

to former receiver's account, since petitioners were not permissible party plaintiffs, not necessary party defendants, and no useful purpose would be served by permitting intervention, the petition appearing to be but one more dilatory step to delay collection of assessments (Act No. 256, part 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 21, 1941. (Docket No. 71, Calendar No. 41,426.) Decided January 5, 1942. Rehearing denied February 11, 1942. Reconsideration denied April 6, 1942.

Bill by Harry Toy, Attorney General, *ex rel.* John C. Ketcham, State Commissioner of Insurance, against Lapeer Farmers Mutual Fire Insurance Association, for its dissolution. John H. Rice and others appeal from dismissal of petition to intervene. Affirmed.

*John F. Jordan,* for appellants.

*Walter S. Foster,* for appellee Charles R. Bowles, deputy receiver.

CHANDLER, C. J.   On February 1, 1940, Honorable Leland W. Carr, one of the circuit judges in and for the county of Ingham, in chancery, entered an order approving the final account of William G. Simpson, former receiver of the above-named Lapeer Farmers Mutual Fire Insurance Association. It was further ordered that the bond of said receiver "be cancelled and discharged as to any future liability thereon and without prejudice to any claims or obligations under said bond incurred during the time it was in force and effect."

On February 21, 1940, the above-named John H. Rice and 11 others, 3 claiming to be members and creditors, and the remaining 9 being members of the above-named association, filed a petition in said re-

ceivership proceedings, then pending in said ' court, asking for leave to intervene therein for the purpose of opposing the final account of said former receiver Simpson and for directions to successor receiver thereon.

No useful purpose will be served by detailing the allegations in said petition. Suffice to say that it contains many serious charges against said former receiver and his attorney. If the present receiver finds a sufficient basis for these charges, he is not precluded by the order of Judge Carr, in approving the account of the former receiver and cancelling his bond, from proceeding against him and his surety because said order expressly provides that it is "without prejudice to any claims or obligations under said bond during the time it was in force and effect."

While we do not deem it necessary to detail the many ramifications of this receivership, it might be enlightening to make a brief statement of the facts relative to the proceedings.

On September 17, 1935, John C. Ketcham, then commissioner of insurance, was appointed receiver of the Lapeer Farmers Mutual Fire Insurance Association by the circuit court for the county of Ingham, in chancery. On September 30th, following, William G. Simpson was appointed deputy receiver. Much litigation ensued, which will be referred to later, between that date and January 12, 1940, on which date John G. Emery, then insurance commissioner, petitioned for the removal of Simpson, who was removed by said circuit court for the county of Ingham, in chancery, on January 22, 1940, and commissioner Emery was appointed receiver, and on the same date Charles R. Bowles was appointed deputy receiver.

The petition of Rice and others for right to inter-

vene, above referred to, remained dormant until July 24, 1940, when a motion was made by the present receiver to dismiss said petition for the following reasons:

"1.   Said petition was filed February 23, 1940, and no notice has been given or attempt made by petitioners' counsel to bring said petition on for hearing.

"2.   More than 20 days prior to the filing of said petition, said William G. Simpson was removed as receiver with Charles R. Bowles as deputy receiver on, to-wit, January 23, 1940, and the final account of said William G. Simpson was allowed at the time after due hearing had and testimony taken.

"3.   No appeal has been taken from the order allowing the account of said Simpson and the time for appeal has long expired.

"4.   The so-called requests in said petition for instructions to the successor receiver have been superseded by requests in petitions subsequently filed by the same counsel and now pending or have become moot in that the deputy receiver has requested and obtained directions and instructions as to the administration of proof and arguments.

"5.   Petitioners are not entitled to intervene inasmuch as they are not necessary parties defendant, have no independent right of action and are not permissible parties plaintiff (*Trosper* v. *Ingham Circuit Judge,* 293 Mich. 438).

"6.   This motion is based upon the records and files in said cause."

On August 22, 1940, an order was made by Judge Carr dismissing said petition, the material part thereof being as follows:

"And it appearing that the final account of said William G. Simpson, a prior receiver in said cause, had been duly heard on proofs in open court, fully

adjudicated and allowed by this court prior to the filing of such petition;

"And it appearing that petitioners, John H. Rice, *et al.*, have not shown a proper basis to intervene or that they are entitled to petition for instructions to the successor receiver;

"And it further appearing that the present receiver is not in need of further instructions on the matter as prayed;

"It is ordered, that the petition of John H. Rice, *et al.*, dated February 20, 1940, is hereby dismissed with costs against the petitioners in the amount of $10."

The present appeal of petitioners followed this order.

No request was made by any interested party to the present receiver to appeal from the order so made by Judge Carr as hereinbefore set forth allowing the final account of former receiver Simpson.

Inasmuch as we determine that the only question involved in this appeal is: "Was it an abuse of discretion for the trial court to dismiss appellants' petition for leave to intervene in the conduct of the receivership?" we do not find it necessary to attempt to detail and discuss the numerous and involved "statement of questions involved" presented by appellants' brief.

While the final account of former deputy receiver Simpson shown in the record here disclosing the receipts and expenditures of such receivership from September, 1935, to January, 1940, is not such a record as either the receiver, his attorney or the insurance department of the State of Michigan can point to with pride, it should be borne in mind, as will be later discussed, that every method known to legal acumen has been indulged in in this proceed-

ing to thwart the efforts of the receiver in collecting from the members of the association assessments made upon them in order to secure funds to pay creditors and the expenses of the receivership.

The final accounting of said former receiver Simpson shows the institution by him of between eight and nine hundred circuit court cases in the various circuits of this State. The records of this court disclose that litigation involving this receivership has been before us on at least five occasions prior to this, viz.: *Simpson* v. *Goodrich,* 280 Mich. 351; *In re Dissolution of Lapeer Farmers Mutual Fire Ins. Assn. (Claim of Crawford),* 280 Mich. 363; *In re Dissolution of Lapeer Farmers Mutual Fire Ins. Assn. (Claim of Rice),* 295 Mich. 218; *Attorney General, ex rel. Comm'r of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Assn. (Claim of Ivory),* 297 Mich. 188; *Attorney General, ex rel. Comm'r of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Assn. (West's Appeal re Assessment),* 297 Mich. 174.

The foregoing record of litigation connected with this receivership, and which undoubtedly does not include nearly all of the litigation in which it has been involved, should make apparent why creditors of the association have not been paid.

We are inclined to the belief that the petition in the instant case is but one of the many dilatory steps being taken to delay proceedings to collect assessments, and furnishes a good reason for the position taken by counsel for the present receiver that the disposition of said petition was within the sound discretion of the circuit judge.

Counsel for the present receiver takes this position: "Merely to scan the calendar entries in the present record will establish the fact that the trial judge was in a preferred position to determine

whether justice would be promoted by the proposed intervention. He had ample experience to guide his exercise of discretion."

The calendar entries referred to by counsel for the receiver comprise 21 pages of the record and are between 450 and 500 in number, which we think quite conclusively establishes that the contention of counsel above set forth is meritorious.

To grant leave to these petitioners to intervene as prayed would open the door for the filing of similar petitions by possibly several thousand of the members of the association, and thus not only indefinitely delay, but probably defeat, the purpose of this receivership, which is to collect, from the members legally liable on their assessments, funds to pay the creditors of said association.

At the time of the hearing on the allowance of the Simpson account, the commissioner of insurance was represented by an assistant attorney general, certain members and creditors of the association were represented by their attorney, Earl L. Phillips, Esq., and Mr. Simpson was represented by his attorney, so it cannot be said that all classes interested were not represented. All were represented and all had an opportunity to be heard.

We might also add that the plaintiff in this proceeding is the attorney general of the State of Michigan on relation of the commissioner of insurance. Two impartial and important State departments are charged with the duty and responsibility of seeing that justice is done as between the association, its members and its creditors, and this court has said on numerous occasions that only in unusual circumstances will intervention be permitted in receiverships.

A case quite similar to the instant one was before this court in *Trosper* v. *Ingham Circuit Judge*, 293

Mich. 438, in which Justice WIEST, speaking for the court, said:

"On application of the State commissioner of insurance and upon a showing that the insurance company was insolvent, the court appointed the commissioner of insurance temporary receiver. At that stage of the proceeding petitioner, who was one of the many thousands of policyholders, asked leave to intervene, but his application was held pending an appeal to this court from the order appointing a temporary receiver. That order was affirmed by this court. *Commissioner of Insurance* v. *American Life Insurance Co.*, 290 Mich. 33. Thereupon the circuit court appointed the commissioner of insurance permanent and liquidating receiver and authorized a contract of reinsurance management with the American United Life Insurance Company, an Indiana corporation, authorized to do business in this State. Petitioner then asked that his petition for leave to intervene be granted as of the date it was previously filed. The circuit judge denied the petition, being of the opinion that the purposes sought to be effected by petitioner had been substantially accomplished by the commissioner of insurance and the orders of the court, and that the commissioner, as receiver, was representing the best interests of all policyholders and the intervention would serve no useful purpose.

"Petitioner claims right to intervene and take part in the liquidating proceedings.

"We are of the opinion that in this proceeding leave to intervene was discretionary with the court and there was no abuse in refusing such leave.

"Counsel for petitioner cites *Livingston* v. *Southern Surety Co. of New York,* 262 Mich. 438, and *Gauss* v. *Central West Casualty Co.,* 266 Mich. 159.

"The holdings therein are not applicable. In both cases rights of judgment creditors with independent rights of action controlled, while in the case

at bar a policyholder seeks to take a hand in the liquidating proceedings.

"The petitioner is but one of several thousand policyholders and the common interest of all policyholders is, by the insurance law, entrusted to the commissioner of insurance who alone had right to institute the present proceeding. Act No. 256, part 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 12270-1, Stat. Ann. § 24.48). Petitioner was not a permissible party plaintiff, nor a necessary party defendant; neither has he an independent right of action. Petitioner not having an independent right of action and not being a party by right of entry, his entry as an intervener was within the discretion of the court. If petitioner is permitted to intervene then the other policyholders must be granted like permission on application and such would defeat the very policy of the insurance law."

Attention is called to the case of *School District of the City of Ferndale* v. *Royal Oak Township School District,* 293 Mich. 1, 10 (127 A. L. R. 661). We there said:

"Where one seeks to intervene who is not a necessary party under our statute, the trial court may exercise its discretion and unless there is a clear abuse of such discretion, no error is committed in denying the right to intervene."

See *Whitehorn* v. *Ingham Circuit Judge,* 281 Mich. 10; *City of Grand Rapids* v. *Consumers Power Co.,* 216 Mich. 409; *Morley* v. *Saginaw Circuit Judge,* 117 Mich. 246 (41 L. R. A. 817).

We are unable to find that any useful purpose will be served by permitting intervention by petitioners, and the learned trial judge did not abuse the

discretion vested in him by dismissing the petition to intervene.

Order of dismissal by trial judge affirmed and appeal of petitioners dismissed.

The receiver will recover costs to be taxed.

BOYLES, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.  STARR, J., did not sit.