GREVNIN v. GREVNIN.

APPEAL AND ERROR—FAILURE OF APPELLANT TO FILE BRIEF—DISMISSAL OF APPEAL.

Where record and appellee's brief on appeal were filed in March, 1947, case was noticed for hearing for the June term and appellant's motion to continue case over the term was denied and he given 20 days within which to file brief, appeal is dismissed where appellant failed to file brief after four months have elapsed since case was submitted to Court for decision (Court Rule No. 69, § 4 [1945]).

Appeal from Wayne; Toms (Robert M.) and Brennan (John V.), JJ. Submitted June 11, 1947.

Docket No. 18, Calendar No. 43,735.) Decided October 13, 1947.

Bill by Ruben Grevnin against Harry Grevnin for dissolution of partnership. Decree for dissolution entered. Sales by Equitable Trust Company, receiver, confirmed by the court. Defendant appeals. Appeal dismissed.

*Milton M. Maddin,* for receiver.

PER CURIAM. A decree dissolving a partnership between the parties to this case was affirmed by this Court in *Grevnin* v. *Grevnin,* 315 Mich. 519. Thereafter the receiver of the partnership assets, pursuant to order of the trial court, sold certain property, including vacant lots in Oakland county. Said sale was confirmed by order of the trial court and a subsequent motion to set aside the order of confirmation was denied. From these orders defendant has appealed.

The printed record in the case was filed in this Court on March 12, 1947, and the brief of the receiver was filed on March 27th following. The case was duly noticed for the June term. Thereafter appellant moved to continue the case over the term, which motion was denied June 10, 1947, appellant being given 20 days in which to file his brief. The case was submitted June 11, 1947, counsel for the receiver waiving oral argument and there being no appearance on behalf of appellant. The latter did not file any brief during the 20 days allowed for that purpose, nor thereafter, although four months have elapsed since the submission of the case. In view of the nature of the proceeding and the facts involved, disposition of the matter should be made without further delay.

Michigan Court Rule No. 69, § 4 (1945), contains the following provision:

"In case of default by either party in the service of briefs, the court may make such order as may be deemed appropriate, including in the case of appellant's default the dismissal of the appeal or the affirmance of the judgment or order appealed from."

We think that the procedure contemplated by the language quoted may properly be invoked in the instant case. Without a brief from appellant discussing the questions he desires to raise, the Court is scarcely in position to pass on the merits of the appeal. *Woodward* v. *Chester,* 42 Mich. 461. See, also, *People* v. *Peck,* 139 Mich. 680.

An order will enter dismissing the appeal and remanding the case to the trial court for further proceedings therein, with costs to the receiver.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.