ATTORNEY GENERAL, *ex rel.* COMMISSIONER OF INSURANCE, *v.* LAPEER FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION.

APPEAL OF TURNER.

1. INSURANCE—RECEIVERS—FINAL ACCOUNT—EVIDENCE.
   Record on appeal from final account of latest of several successive statutory receivers of a farmers' mutual fire insurance association *held,* to show there were no assets which came into such receiver's possession other than those disclosed at the hearing on his final account.

2. SAME—RECEIVERS—ACCOUNTING—UNCOLLECTED ASSETS.
   Uncollected mutual fire insurance association receiver's assessments were not assets in the possession of the receiver for which he was obligated to account.

3. SAME—SUCCESSOR RECEIVERS—ACCOUNTING.
   Where there were successor statutory receivers of mutual fire insurance association and the final account of a former receiver covered a portion of his successor, the latter need not include an accounting as to such overlapped period in his account.

4. SAME—RECEIVERS—ACCOUNTING—CIRCUIT JUDGE—VOUCHERS.
   Where final account of statutory receiver of mutual fire insurance association was satisfactory to circuit judge although not supported by vouchers and objectors to the account disclose no irregularities therein, the objectors may not complain as to lack of vouchers.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–8] 45 Am Jur, Receivers, § 336 *et seq.*

5. SAME—RECEIVERS—ACCOUNTING—DELAY.

   The mere failure of a successor statutory receiver of a mutual fire insurance association to account for a 13-day period subsequent to the appointment of the first principal receiver affords no ground for complaint to objectors to final account of third successor receiver some 14 years later, where there is no claim or showing of loss during such 13-day period.

6. SAME—FINAL ACCOUNT OF SUCCESSOR RECEIVER—SCOPE.

   In determining whether or not entire statutory receivership of farmers' mutual insurance association should be included in final account of third successor receiver, so as to permit objectors to such account to show misappropriations, malfeasance or nonfeasance during the time of the predecessor receivers, the court having supervision of the receivership must be controlled by the facts and circumstances of the particular case, particularly noting that receivership has been prolonged and fraught with unusual and disastrous circumstances, resulting largely from litigation.

7. SAME—RECEIVERS—SCOPE OF ACCOUNTING—STATUTE OF LIMITATIONS.

   Scope of accounting of third and final successor statutory receiver of insurance association is not ordered to embrace period of predecessor receivers and of secretary-treasurer of the association before a receiver was first appointed, where accounts of predecessors were duly allowed by a circuit judge, claims as to misdoings are now barred by the statute of limitations and objecting appellants have not been deprived of an opportunity to enforce any of the claims which they now seek to embody in the last receiver's final account.

8. SAME—RECEIVERS—SUFFICIENCY OF ACCOUNTING.

   The final account of the third and final successor statutory receiver of a farmers' mutual fire insurance association was sufficient to comply with legal requisites where it included a cash account beginning with amount received from preceding deputy receiver, all subsequent cash receipts during term of the accounting receiver, an itemized statement of disbursements during the same period and a final statement of cash on hand and in the bank and record fails to disclose any claim of culpable negligence or misconduct, misfeasance or nonfeasance on the part of such last successor receiver or his deputy.

Appeal from Ingham; Coash (Louis E.), J. Submitted June 14, 1949. (Docket No. 36, Calendar No. 44,135.) Decided October 10, 1949. Rehearing denied January 5, 1950.

David A. Forbes, statutory receiver, petitioned the court for allowance of his final account as to the Lapeer Farmers' Mutual Fire Insurance Association. David Turner and others objected thereto. Account allowed. Objectors appeal. Affirmed.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for receiver.

*Roger J. Vaughn, Walter O. Estes, John Safran,* and *Albin J. Stevens,* for objectors.

North, J. This is an appeal from the September 10, 1947, order and decree of the circuit court allowing the final account of the commissioner of insurance, David A. Forbes, as statutory receiver (CL 1948, § 503.1 *et seq.* [Stat Ann § 24.40 *et seq.*]) of the Lapeer Farmers' Mutual Fire Insurance Association, and the discharge of the receiver and the deputy receiver.

Over 14 years ago (September 17, 1935) the Lapeer Farmers' Mutual Fire Insurance Association was placed in receivership. A statutory receiver (the commissioner of insurance) was appointed and also a deputy receiver in the person of William Simpson, who served as such from September 30, 1935, to January 22, 1940. In September, 1937, Simpson levied and filed an assessment incident to which 800 to 900 suits for collection were instituted. Because of Simpson's failure to follow instructions given by the court, the above levied assessments were held void, the pending suits dismissed, and all judgments not previously satisfied were discharged

of record. Simpson's final account was filed January 23, 1940, and it was approved February 1, 1940. Notice of this hearing was not given to association members or creditors, certain of whom sought to intervene but their application to intervene was denied in the circuit court and that holding was affirmed in this Court. See *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Assn. (Appeal of Rice),* 300 Mich 320. The circuit judge's order approving Simpson's final account and his discharge contained the following:

"It is further ordered that the bond of said William G. Simpson be cancelled and discharged as to any future liability thereon and without prejudice to any claims or obligations under said bond incurred during the time it was in force and effect."

Following Simpson's discharge and on January 23, 1940, a successor insurance commissioner, John G. Emery, was appointed receiver, and Charles R. Bowles was appointed deputy receiver. On June 27, 1944, Bowles filed his final account which in September, 1944, was allowed and his bond released, but subject to the same limitation quoted above incident to Simpson's discharge. Certain members of the association demanded copies of the final account which Bowles had submitted for approval. This was denied on the ground that the attorney representing such persons had been served with a copy of the petition, but a copy of the proposed final account of Bowles did not accompany the copy of the petition served on the attorney.

So far as disclosed by the record, Bowles, as deputy receiver, took no action to have reconsideration of Simpson's final account, nor does it appear that any action was prosecuted to finality either by Simpson or Bowles when serving as deputy receivers to

obtain complete relief from alleged maladministration of the association's business on the part of William E. Ivory prior to the inception in 1935 of the receivership, during the period that Ivory was secretary-treasurer of the association.

Prior to the allowance of Bowles' final account, and on March 4, 1943, David A. Forbes, as commissioner of insurance, became the statutory receiver, and later Richard W. Atwell was appointed deputy receiver. As first above noted, appellants herein challenge the order and decree of the circuit court of September 10, 1947, allowing the final account of Forbes as receiver. The issues presented by appellants will be considered later herein.

The extent of litigation attending this receivership is indicated by the fact that the topical journal entries alone occupy more than 40 pages of the printed record in the instant case. After several prior appeals a phase of this litigation was before this Court in 1947. See *Attorney General, ex rel. Commissioner of Insurance*, v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Warner)*, 318 Mich 60. Our opinion in that case contains recital of many additional details of the prolonged litigation, to which recital, without repetition, we refer. In that case we affirmed with some modification the circuit court's decree. By that decree as affirmed, Mr. Forbes, the commissioner of insurance as receiver, was authorized to sell and transfer the assets of the Lapeer Farmers' Mutual Fire Insurance Association to trustees for the benefit of its creditors, and the decree provided that upon filing and approval of his final account the receiver should be discharged. At the hearing on such final account appellants herein, having filed an answer and objections, were heard. On application for rehearing, objections of appellants claimed to have been "unanswered and undenied" were duly answered. On

September 10, 1947, after hearing, the circuit court entered an order allowing the final account of Forbes as the statutory receiver. The application for rehearing was thereafter denied on February 9, 1948. Appellants perfected this appeal.

Appellants complain that the account rendered by Forbes appears to include only cash receipts and disbursements. He admitted that there were other assets of the receivership which consisted of uncollected assessments (some reduced to judgments) and title to certain real estate claimed to be the property of the association. As to such real estate and possibly other tangible assets of the association not being included in the receiver's account, it seems apparent that this deficiency is due to the fact that at no time during the receivership has there been made and filed in the proceedings an inventory or appraisal of all of the assets of the association. Obviously it would have been quite impossible in March, 1943, when Forbes became receiver, for him to have made an inventory of the association's assets at the beginning of the receivership in 1935. Such was not ordered by the court. In his final account Forbes did list his receipts from the preceding receiver and numerous other sources. He also itemized his disbursements. And his final account disclosed that: "All equipment has been sold as per the last examination of May 31, 1944, and proceeds deposited in the depository." This record satisfies us that there were no assets that came into the possession of receiver Forbes other than those disclosed to the court at the hearing of this receiver's final account.

Further claimed deficiencies in Forbes' final account complained of by appellants are as follows: (1) Uncollected receiver's assessments are not included. But if not collected such items were not assets in the possession of the receiver, and he was

not obligated to account therefor.   A list of outstanding judgments was included in exhibit A which the circuit judge accepted and evidently considered a part of Forbes' final account, and appellants' attorney was given a list of such judgments.   (2) The Forbes' final account does not cover the period from his appointment, March 4, 1943, to June 1, 1944.   But the record discloses that the period above noted was included in the final account of deputy receiver Bowles.   (3) That the Forbes' final account was not "supported by vouchers."   But since the account without vouchers was satisfactory to the circuit judge, appellants, who disclose no irregularities in Forbes' final account, cannot be heard to complain.   (4) Even more captious is appellants' present complaint that back in 1935 when Simpson was appointed deputy receiver his account did not cover the 13 days prior to his appointment, September 30, 1935; this 13-day period being subsequent to the appointment of the first principal receiver, Insurance Commissioner Ketcham, on September 17, 1935. But appellants make no claim or showing of loss to the receivership, during these 13 days, 14 years ago.

The major portion of appellants' brief is devoted to their claim that the final account of Forbes as receiver should include "the several transactions covering the entire receivership" and that appellants have on the final accounting of receiver Forbes a right to a hearing on the entire receivership, including the final accounts of Simpson and Bowles.   In substance appellants assert that had the above scope of investigation been opened to them they could have established their claim that by misappropriations, malfeasance or nonfeasance during the time Simpson and Bowles were serving as receivers the assets of the receivership were depleted in the amount of many thousands of dollars.   In considering the above contentions of appellants it must be borne in

mind that in proceedings of this character the court having supervision and control of the receivership, acting within the scope of its authority, must be controlled by the facts and circumstances of the particular case in making decision therein.    As hereinbefore noted, this prolonged receivership has been fraught with unusual and disastrous circumstances, resulting largely from litigation.    This condition was noted quite emphatically in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Warner),* 318 Mich 60.*   The petition of Commissioner of Insurance David Forbes for approval of his final account and his discharge as statutory receiver was filed promptly after our decision in the last above cited case, and in accord with the amended decree therein.    The record made at the hearing of that petition sustains the circuit judge's finding that "there were no discrepancies in the accounting" of Forbes as receiver.    We do not understand that such finding is challenged by appellants, except as to some variance in figures which were explained in the testimony at the conclusion of which appellants' counsel said: "That explains it very well." Instead, appellants contend that receiver Forbes should be required to examine the conduct and accounts of Simpson and Bowles as receivers, obviously for the purpose of detecting some maladministration and possibly by further litigation accomplishing some benefit for the receivership.

In support of the contention, just above noted, appellants in their answer and objections to the allowance of Forbes' final account make reference to and attach to their answer a list of items upon which

---

* For further facts and comments concerning litigation incident to this receivership see *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Assn. (Appeal of Rice),* 300 Mich 320.

they rely in their assertion of "shortages or unaccounted * * * sums of (former) officers and directors," and which items appellants assert should be embodied in Forbes' final account. Reference to this list discloses that for the most part, if not wholly, the items consist of asserted claims against William E. Ivory, who was secretary-treasurer of this mutual insurance association before it went into receivership in 1935, or against the first deputy receiver, William Simpson, who was discharged in 1940, and the right of action on practically all of these items accrued between 1931 and 1936. It appears from appellants' petition for a rehearing in the circuit court that the claims of this character are now barred by the statute of limitations. Nothing beneficial to the interested parties could have been accomplished by requiring investigation and report by receiver Forbes of claims of the character noted. The extent and the futility of relief to which appellants assert a right is indicated by the following from their prayer for relief:

"That this court enter its order granting respondents or their duly authorized agent or agents an unrestrained opportunity to see and examine the books and records of said Lapeer Farmers Mutual Fire Insurance Association, covering the years 1926 to and including the year 1935, the books, records, call reports, reports of examination and correspondence in the files and records of the Michigan Department of Insurance of and pertaining to said insurance association covering the same period."

In our judgment, under the circumstances disclosed by this record, the circuit judge at the conclusion of the proofs properly held:

"The two previous accountings, the Simpson account and the Bowles, as I said before, those matters have been adjudicated in this court, and an order

entered, and they were allowed by Judge Carr. This accounting could only be from the time Mr. Forbes became the receiver in 1943, up to the present time."

Appellants' contention that on the hearing of the final account of receiver Forbes they should have had a report and opportunity to contest any account of a previous receiver or his failure to properly account, since appellants were not permitted to be heard incident to allowance of the accounts of the prior receivers, is not tenable under the circumstances of this case. Appellants were not deprived of an opportunity to enforce any of the claims which they assert should have been embodied in this final account of receiver Forbes. See *Attorney General, ex rel. Commissioner of Insurance, v. Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Warner)*, 318 Mich 60, 69. Instead, by the amended decree entered in the cited case, it was provided:

"If the nonassenting creditors and dissatisfied members regard seriously the alleged causes of action against former receivers and deputy receivers, excepting only the incumbents, David A. Forbes and Richard W. Atwell, they are free to pursue their remedy within the prescribed period of time (90 days) at their own expense."

Notwithstanding they were granted the opportunity to do so, no proceedings were instituted by any of appellants. The foregoing is sufficient answer to appellants' complaint that in the instant proceedings they were not served with a copy of the final account of receiver Bowles who had been discharged in 1944. And in this connection it may be noted that prior to hearing on Forbes' final account appellants or their counsel had a photostatic copy of the Bowles' account. The reason for the claim that in this 1947 proceedings appellants were entitled to

a copy of Bowles' account is stated in their brief as follows:

"Without a copy of the Bowles account, appellants were not in a position to make and intelligently prepare objections or to contest the allowance of that account, and were thereby deprived of their right to be heard and to inquire into the acts of maladministration and the waste of large sums of money of the receivership, to the irreparable loss of the trust estate, its creditors and members, consisting of the failure by Deputy Bowles to obtain the return of salary, fees and expenses of upwards of $50,000 paid Simpson and Leibrand as indicated by this Court in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer, Farmers' Mutual Fire Ins. Assn. (Appeal of Rice),* 300 Mich 320 at 322."

Under the circumstances of this prolonged receivership, the circuit judge properly limited the hearing on receiver Forbes' final account to the period during which he acted as statutory receiver. In this connection it should be noted that the final accounts of the former receivers were contained in the files of this case, and the court orders discharging these former receivers and their bonds were conditional, as hereinbefore noted.

We find no merit in appellants' contention that the final report or accounting of Forbes as receiver was not sufficient to comply with legal requisites. The receiver's accounting to the court included a cash account beginning with the amount received from the preceding deputy receiver and included thereafter the items of all other cash receipts during the term Forbes was receiver, and an itemized statement of the receiver's cash disbursements during the same period, and a final statement of cash on hand and in bank. At this hearing there was received as a part of the accounting testimony of the receiver which we quote in part:

"*Q.* Now, commissioner, in addition to this cash that will be turned over to the trustee, there are certain judgments uncollected, is that right?

"*A.* That is correct.

"*Q.* And you and your deputy receiver, I understand, have a complete list of those judgments?

"*A.* We have.

"*Q.* Of the amounts due?

"*A.* We have. * * * We also have as assets of the receivership, of course, certain uncollected assessments. * * *

"*Q.* Is there, are there suits or some judgments obtained against any members on certain pieces of real estate in Lapeer county?

"*A.* Oh, yes; there were 2 or 3 cases.

"*Q.* So you have those parcels, 3 or 4 cases or parcels?

"*A.* Yes.

"*Q.* And those are a part of the assets?

"*A.* That is right. * * *

"*Q.* Have you filed in your accounting a statement or a list of claims against this estate? * * *

"*A.* Yes, we have listed as part of the transferable assets to the trustee. Mr. Vaughn has a copy of that list. * * * The only reason I did not attach the list is because it is a schedule. These are judgments and claims against members that have been in receivership for years. They constitute part of the assets as a schedule which has been filed as an exhibit today, * * * but with the history of this case I did not want to complicate its receipts and disbursements. * * * Prior receiverships tried to collect the judgments, I believe that they are practically worthless, as the costs of collection are greater than the judgments themselves."

At this point the attorney for the receiver made the following statement to the court:

"All these questions Mr. Vaughn is asking were taken care of by the final accounting of Mr. Bowles. This is a copy, which is a voluminous list of all judg-

ments and claims against the trust. This is a matter of record. The account shows the receipts from these judgments as collected since the final accounting by Mr. Bowles."

Our review of this record discloses no claim of culpable negligence or misconduct, misfeasance or nonfeasance, on the part of receiver Forbes, or his deputy receiver, Richard W. Atwell. In our judgment the final account of receiver Forbes as approved by the circuit judge was, under the exceptional circumstances of this case, such as complied with all legal requirements; and further that the proceedings had in the instant case have been such that appellants have not been deprived of property rights without due process of law in violation of their constitutional rights.

The decree entered in the circuit court is affirmed. Plaintiff may tax costs against appellants.

SHARPE, C. J., and BUSHNELL, REID, and BUTZEL, JJ., concurred.

BOYLES, DETHMERS, and CARR, JJ., did not sit.