ATTORNEY GENERAL, *ex rel.* COMMISSIONER OF INSUR-
ANCE, *v.* LAPEER FARMERS' MUTUAL FIRE
INSURANCE ASSOCIATION.

PETITION OF TURNER.

1. JUDGMENT — RES JUDICATA — INSURANCE — RECEIVERS — AS-
SESSMENT.
Holdings in previous litigation that mutual fire insurance as-
sociation's receiver had sufficient records so as to furnish
adequate information upon which to base assessment against
members and that assessment was properly levied were *res
judicata* in subsequent petition by some members to vacate
and set aside such assessment order.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
A new trial will not be granted on the basis of newly-dis-
covered evidence unless it be shown that the evidence, not
merely its materiality, be newly discovered, that the evi-
dence be not cumulative merely, that it be such as to render
a different result probable on a retrial and that the party
could not with reasonable diligence have discovered and
produced it at the trial.

3. SAME—NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT.
The granting of a motion for a new trial because of alleged
newly-discovered evidence rests largely in the discretion of
the trial court.

4. INSURANCE — MUTUAL FIRE ASSOCIATION — ASSESSMENT — NEW
TRIAL—FRAUD—LACHES.
Orders authorizing and confirming assessment by receiver of
mutual fire insurance association, made in 1940, will not
be set aside in 1950 on petition of some former members,

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Judgments, § 251.
[2, 4] 39 Am Jur, New Trial, § 164 *et seq.*
[3, 4] 39 Am Jur, New Trial, §§ 157, 201.

claiming to act for entire membership, on ground of alleged newly-discovered evidence of fraud, where such members were granted the right to institute suits for malfeasance or misfeasance for 90-day period in 1947, no such suit was filed and thereafter receiver's final account was approved and he authorized to sell the assets to trustees for the benefit of the association's creditors and petitioners had knowledge of such alleged fraud in 1942.

Appeal from Ingham; Coash (Louis E.), J. Submitted January 11, 1950. (Docket No. 38, Calendar No. 44,553.) Decided April 3, 1950. Rehearing denied May 18, 1950.

In the matter of the dissolution of the Lapeer Farmers' Mutual Fire Insurance Association. David Turner and others filed a petition to vacate and set aside assessment orders dated July 12, 1940, and October 1, 1940. Petition dismissed. Petitioners' motion for rehearing denied. Petitioners appeal. Affirmed.

*Walter O. Estes, Roger J. Vaughn, John Safran* and *Albin J. Stevens,* for petitioners.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for insurance commissioner.

SHARPE, J. The Lapeer Farmers' Mutual Fire Insurance Association was incorporated in 1871 for the purpose of conducting a fire insurance business. In September, 1935, the attorney general, on relation of the commissioner of insurance, filed a bill of complaint in Ingham county for the appointment of a receiver; and in September of that year the commissioner of insurance was appointed statutory receiver of the insurance company. On September 30, 1935, William G. Simpson, deputy insurance commissioner, was appointed receiver and ordered to

make an accounting and report his findings to the court.

Much litigation has arisen out of the appointment of a receiver. See *Simpson* v. *Goodrich,* 280 Mich 351; *In re Dissolution of Lapeer Farmers Mutual Fire Insurance Association (Claim of Crawford),* 280 Mich 363; *In re Gilliland,* 284 Mich 604; *In re Dissolution of Lapeer Farmers' Mutual Fire Insurance Association (Claim of Rice),* 295 Mich 218; *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Association (West's Appeal re Assessment),* 297 Mich 174; *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Ass'n (Claim of Ivory),* 297 Mich 188; *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Ass'n (Appeal of Rice),* 300 Mich 320; *Commissioner of Insurance* v. *Lapeer Circuit Judge,* 302 Mich 614; *Emery* v. *Clark,* 303 Mich 461; *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Warner),* 318 Mich 60; *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Turner),* 325 Mich 655.

It appears that Charles R. Bowles was appointed successor deputy receiver and in 1940, after a survey of the situation, filed a petition for instructions as to his legal status and procedure to be followed upon any further assessment which resulted in a circuit court order under date of July 12, 1940, authorizing the levy of a new assessment at designated rates for specific years of membership. Accordingly, the receiver levied an assessment on July 27, 1940, which was reported to the court on July 31, 1940, and an order entered on October 1, 1940, finding that the assessment had been levied in accordance with the statutes, the association's charter and the court's

instructions and was approved and confirmed. An appeal was taken to the Supreme Court and the assessment was sustained. See *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Association (West's Appeal re Assessment),* 297 Mich 174.

In 1945, David A. Forbes, commissioner of insurance, proposed a method of settlement, including voluntary contributions of those who had not paid their assessments, a compromise of creditors as to their claims, transfer of assets by the statutory receiver to certain trustees, and liquidation by trustees. This plan was approved by the trial court and with slight modifications was approved by the Supreme Court. See *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Warner),* 318 Mich 60.

In March, 1948, a small group of former members of the Lapeer Farmers' Mutual Fire Insurance Association filed a petition in the circuit court of Ingham county to vacate and set aside the assessment orders of July 12, 1940, and October 1, 1940. They allege that they bring this petition as a class action on behalf of themselves and approximately 6,700 other persons constituting the membership of the insurance association. The petition charges that the orders above referred to were obtained by and through fraud, deceit, concealment and misrepresentation of material facts to the court which constitutes a fraud upon the court. They also claim to have discovered new evidence which would have a material bearing upon the decision made in the case.

Upon the filing of the above petition, the trial court issued an order to show cause why an injunction *pendente lite* should not issue. On April 2, 1948, the commissioner of insurance, by the attorney general, filed a motion to dismiss plaintiffs' petition

for the reasons that the matters therein stated have been previously adjudicated or that the time has long expired when they can assert the claim of newly-discovered evidence.

On April 21, 1948, an order was entered granting the motion to dismiss petitioner's petition. In granting this motion the trial court said:

"You are here this morning, and as stated there was a petition to vacate or set aside the assessment order of July 12, 1940. Then there was a motion filed by the attorney general asking to dismiss this petition, and that was filed some time ago and I spent considerable time going through and comparing the petition to vacate as well as the petition to dismiss the petition. There was an answer filed this morning that I just glanced through. We heard the arguments here of counsel and then discussed the matter in my office.

"There are 2 propositions, one as to whether there is *res judicata,* and the other as to whether there is fraud, and whether or not anyone is guilty of laches in not presenting this so-called fraud, or the alleged fraud, to the attention of this court before this day.

"In regard to the matter of *res judicata,* I have compared the answers and the pleadings, as well as some of the cases, and a great many matters that are set up in the plaintiffs' petition to vacate or set aside this assessment order. This court will have to hold the [them?] *res judicata.* There are quite a few questions there that are raised that have been passed upon by our Supreme Court.

"The order is dated July 12, 1940, and I think November 19, 1942, the Supreme Court passed upon that assessment. As I say, this court does find that many of the matters are *res judicata,* as having been passed upon by the Supreme Court.

"The other question of laches, as to whether or not the petitioners have waited too long to bring this action, we have had several cases cited here from the Supreme Court, and other authorities, this morn-

ing, in which the question of laches is raised, and where the Court has held that in many of these cases that they could bring their action even though it is years later, where fraud is discovered. But, I haven't found any case, nor has any been cited to me, where the question of fraud was discovered and has been known for almost 7 years, or at least 6 years, as in this case, and no action has been taken. I find many cases that have been appealed to the Supreme Court and passed upon by that Court, pertaining to those [this?] whole case, the case of the Lapeer Fire Insurance Company.

"But in some of these cases, one here where the Court held 20 years after a receivership, fraud was discovered and it was allowed to be reopened. That was a case where the fraud was discovered 20 years later. Every one of these cases from which I have read, and was cited to me here, the Court has held where the fraud was discovered years later, that they still would allow an appeal or allow the things to be set aside, but there isn't any case that states clear that there was fraud and they slipped [slept] on their rights for years and had the matter in and out of the courts all during that time, the Supreme Court as well as this court here and in Lapeer and other places.

"I am going to hold that the lapse of time here, that the petitioners have been guilty of laches. In other words, that they have not asserted their rights when they were known to them.

"When we talked there in the office a few minutes ago, they said that Judge Carr, who was in this court for a great many years issued an order in regard to reviewing of the books, that they couldn't do it. There was no appeal ever taken from that. The parties here, the petitioners, claim that they have been barred, and that they have been barred for years, in trying to see these books, but still if there was an order here, they could have appealed that order to the Supreme Court.

"I am going to have to grant the petition of the attorney general and dismiss the petition to vacate or set aside this assesment."

On May 10, 1948, petitioners filed a motion for a rehearing. On April 16, 1949, an order was entered denying the motion for a rehearing. Petitioners appeal and urge that the trial court was in error in holding that the issues involved in the 1940 assessments were *res judicata* or that laches barred them from relief.

In *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Association (West's Appeal re Assessment),* 297 Mich 174, Charles R. Bowles, deputy receiver, presented a petition to the circuit court for instructions as to many of the problems that confronted him in making an assessment. Instructions were filed and an order was entered ratifying and affirming the order for the 1940 assessments. We there held that the receiver had sufficient records so as to furnish adequate information upon which to base the assessment and that the assessment was properly levied. The decision in that case is an adjudication that the 1940 assessments were valid and properly levied. The trial court in the case at bar was right in so holding.

Petitioners also urge that they have discovered new evidence of fraud and misrepresentation relating to the 1940 assessments. The basis of this claim is that the deputy receiver fraudulently represented to the trial court that he had made a full examination of the books and records of the insurance association in that in the *West Appeal, supra,* we said:

"Appellants contend that no valid assessment can be levied until there is another accounting and auditing of the company's books and records. Excerpts of the testimony in this and other proceedings are incorporated into the record to prove gross mismanagement of the affairs of the company and lack of

proper records.  This seems to be admitted by the receiver, who, however, states that he has based his assessment on an audit of the books and accounts from 1926 to 1932 under the direction of George Ma-Dan, certified public accountant; and audit from 1933 to the date of the receivership in 1935 by Depuis & Ryden, certified public accountants of Flint; as well as a careful investigation conducted by the deputy receiver.  From a review of the record, it appears that the receiver has carefully examined the affairs of the company and that another accounting and auditing would not serve any useful purpose."

And that on November 30, 1942, the deputy receiver testified as follows:

"For a number of years after taking over the duties of deputy receiver, I was very busy with the new assessment and until that was completed, I refrained from checking into the old company records.  After that was done, after the assessment was completed, I put my time into determining just what happened in connection with those financial statements and other things."

If this was fraud, which we do not hold it was, it was discovered in November, 1942, and not brought to light until March, 1948, when the present suit was instituted.

In *Canfield* v. *City of Jackson*, 112 Mich 120, we held that a motion for a new trial was properly denied and said:

"To entitle one to a new trial upon this ground (newly-discovered evidence) it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third* that it be such as to render a different result probable on a retrial of a cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial."

Moreover, the granting of a motion for a new trial because of alleged newly-discovered evidence rests largely in the discretion of the trial court. See *Luckhurst* v. *Schroeder,* 183 Mich 487; *Davidson* v. *City of Detroit,* 307 Mich 420; and *Swartz* v. *Dahlquist,* 320 Mich 135.

We are not unmindful of the fact that in *Attorney. General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Warner),* 318 Mich 60, we granted to any former member the right to institute suit for malfeasance or misfeasance for a period of 90 days after the filing of the decree. We have no record of the filing of any such suit. In our opinion there are other cogent reasons why the 1940 assessments should not be disturbed. There has been a change of status. In September, 1947, the final account of the receiver was approved. By that decree the receiver was authorized to sell and transfer the assets of the insurance association to trustees for the benefit of its creditors.

In *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association (Appeal of Turner),* 325 Mich 655, 667, we said:

"Our review of this record discloses no claim of culpable negligence or misconduct, misfeasance or nonfeasance, on the part of receiver Forbes, or his deputy receiver, Richard W. Atwell. In our judgment the final account of receiver Forbes as approved by the circuit judge was, under the exceptional circumstances of this case, such as complied with all legal requirements; and further that the proceedings had in the instant case have been such that appellants have not been deprived of property rights without due process of law in violation of their constitutional rights."

In our opinion the petition filed in this cause presents no question that should be considered by a

court of chancery. The decree of the trial court is affirmed, with costs to defendant as against petitioners.

REID, NORTH, BUTZEL, and BUSHNELL, JJ., concurred.

BOYLES, C. J., and DETHMERS and CARR, JJ., did not sit.