ATTORNEY GENERAL, *ex rel.* COMMISSIONER OF INSURANCE, *v.* LAPEER FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION.

APPEAL OF ZIEGENHARDT.

APPEAL AND ERROR—CASE DULY NOTICED FOR HEARING—BRIEFS.
Orders authorizing final dividend and allowing trustees' accounts are affirmed, where claim of appeal was filed by 7 persons who claim to be creditors of defunct mutual fire insurance association, settled record on appeal was filed May 28, 1953, appeal duly noticed by defendant-appellee for hearing August 27, 1953, printed record filed October 2, 1953, regularly placed on call for hearing by the Supreme Court October 9, 1953, no continuance requested, no appearance made for appellants, although appellee's attorney was present, and no brief filed by or on behalf of appellants (Court Rule No 69, § 4 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error §§ 741, 765.

Appeal from Ingham; Coash (Louis E.), J. Submitted October 9, 1953. (Docket No. 60, Calendar No. 45,888.) Decided October 13, 1953.

Paul J. Ziegenhardt and others appealed from order of court authorizing final dividend and allowing trustees' accounts for Lapeer Farmers' Mutual Fire Insurance Association. Affirmed.

*Walter S. Foster,* for trustees.

PER CURIAM. On February 26, 1953, these 7 appellants, who claim to be among the creditors of the Lapeer Farmers' Mutual Fire Insurance Association, filed claim of appeal in *propria persona* from orders entered by the trial court on December 18, 1952, authorizing final dividend and allowing trustees' accounts, and on February 6, 1953, denying a rehearing thereon.

On May 28, 1953, the settled record on appeal was filed in this Court, and on August 27th said appeal was duly noticed by defendant appellee for hearing at the present term of this Court beginning October 6th.

On October 2d the printed record was filed in this Court. No briefs had yet been filed. Said appeal, being calendar No. 45,888, was assigned docket number 60 and placed on the October term docket of this Court. The case was regularly placed on the call for hearing before the Court October 9th. No continuance was requested. On October 9th the case was called in due course. Counsel for appellee trustees, having filed a brief on October 8th, appeared in open court. No one appeared for said appellants and no brief had been filed by them or on their behalf.

Our records show that the receiver for the Lapeer Farmers' Mutual Fire Insurance Association was

appointed in the circuit court for Ingham county in September, 1935. See *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association,* 297 Mich 188. The case has now been continuously in court for more than 18 years. It has been before this Court at least 11 times on appeals and various issues requiring written opinions in our reports. See *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association,* 327 Mich 333, 335. We have also considered several times that number of other applications and interlocutory matters.

In 1946 a decree was entered in the trial court authorizing the receiver to transfer the assets to trustees for the creditors. The decree was affirmed on appeal in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association,* 318 Mich 60. Prior to that time appeals involving the receiver had been before this Court 8 times.

In 1947 the trial court approved the final account of the statutory receiver and authorized his discharge. That decree was affirmed here on appeal in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Asociation,* 325 Mich 655. It was again confirmed in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Insurance Association,* 327 Mich 333 (1950).

Upwards of 50 orders have been made by the trial court affecting various acts by the creditors' trustees since 1947. The instant appeal involves claimed interests of 7 appellants out of more than 50 possible creditors and involves a reserve for expenses for trusteeship amounting to $1,143.55, and funds available for final dividend to be prorated among creditors who may prove their claims, which fund

amounts to $5,909.19.  The rate of prorate for additional payment is estimated at about 2%.

There is no merit in further prolonging this litigation.  Pursuant to Court Rule No 69, § 4 (1945), the orders appealed from will be affirmed and the case remanded to the trial court for further proceedings in accordance therewith.  See *Grevnin* v. *Grevnin,* 319 Mich 110.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.